| **Respond to Selected Documents**

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries  ⌄

**EXHIBIT**

**I**

### 03/19/2026

**Reply**

Plaintiffs Reply to Defendant Ryan Shomakers Affirmative Defenses; Electronic Filing Certificate of Service.
> **Filed By:** COLLIN JORDAN ROTH
> **On Behalf Of:** RYAN WAYNE SHOMAKER

### 03/13/2026

**Order to Quash**

IT IS THEREFORE ORDERED THAT THE PURPORTED SERVICE ON THE CITY OF BYRNES MILL ON JANUARY 22, 2026 IS HEREBY QUASHED AND HELD FOR NAUGHT. IT IS FURTHER ORDERED THAT THE CITY OF BYRNES MILL IS DEEMED SERVED ON THIS THE 2ND DAY OF MARCH, 2026 AND THAT ITS RESPONSIVE PLEADINGS ARE DUE ON APRIL 1, 2026 SO ORDERED: JUDGE DAVID LEE VINCENT, III

### 03/12/2026

**Order Granting Leave**

ORDER GRANTING LEAVE TO FILE ANSWER OUT OF TIME. SO ORDERED: JUDGE DAVID LEE VINCENT, III
> **Associated Entries:** 02/23/2026 -

**Motion for Leave**

> +

### 03/02/2026

**Proposed Order Filed**

CONSENT ORDER ON MOTION TO QUASH SERVICE; Electronic Filing Certificate of Service.
> **Filed By:** BLAKE D HILL
> **On Behalf Of:** CITY OF BYRNES MILL

### 02/27/2026

**Request for Notc of Hrg Filed**

notice of hearing; Electronic Filing Certificate of Service.
> **Filed By:** BLAKE D HILL
> **On Behalf Of:** CITY OF BYRNES MILL

**Judge/Clerk - Note**

PLEASE CONTACT DIVISION 9 CLERK @ jordan.cook@courts.mo.gov FOR HEARING DATES

### 02/26/2026

**Motion to Quash**

MOTION TO QUASH SERVICE; Electronic Filing Certificate of Service.
> **Filed By:** BLAKE D HILL
> **On Behalf Of:** CITY OF BYRNES MILL

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
> **Filed By:** BLAKE D HILL
> **On Behalf Of:** CITY OF BYRNES MILL

### 02/23/2026

**Motion to Dismiss**

MOTION TO DISMISS

**Answer Filed**

ANSWER

**Motion for Leave**

MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME
> **Associated Entries:** 03/12/2026 -

**Order Granting Leave**

> +

### 01/27/2026

**Summons Personally Served**

Document ID - 26-SMCC-1304; Served To - RYAN WAYNE SHOMAKER; Served Date - 01/21/2026; Served Time - 14:37:07;
Close ⌐ Type - SP; Reason Description - SERV; Service Text -

**Member/Roommate Served**

Document ID - 26-SMOS-205; Served To - MELINDA SUE WILLIAMS-SHOMAKER; Served Date - 01/22/2026; Served Time - 14:14:21; Service Type - SP; Reason Description - SERV; Service Text -

**Summons Personally Served**

Document ID - 26-SMOS-204; Served To - CITY OF BYRNES MILL; Served Date - 01/22/2026; Served Time - 14:17:09; Service Type - SP; Reason Description - SERV; Service Text -

**Corporation Served**

Document ID - 26-SMOS-204; Served To - THERESA ANN SHOMAKER; Served Date - 01/22/2026; Served Time - 14:09:22; Service Type - SP; Reason Description - SERV; Service Text -

**Notice of Service**

Notice of Summons Served - Theresa Shomaker.

   **Filed By:** JACOB CHINNERY

   **On Behalf Of:** JOHN DOE

**Notice of Service**

Notice of Summons Served - Melinda Williams-Shomaker.

   **Filed By:** JACOB CHINNERY

   **On Behalf Of:** JOHN DOE

**Notice of Service**

Notice of Summons Served - Byrnes Mill.

   **Filed By:** JACOB CHINNERY

   **On Behalf Of:** JOHN DOE

**Notice of Service**

Notice of Summons Served - Ryan Shomaker.

   **Filed By:** JACOB CHINNERY

   **On Behalf Of:** JOHN DOE

**01/21/2026**

   **Summ Issd- Circ Pers Serv O/S**

Document ID: 26-SMOS-205, for WILLIAMS-SHOMAKER, MELINDA SUE Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

   **Summ Issd- Circ Pers Serv O/S**

Document ID: 26-SMOS-204, for SHOMAKER, THERESA ANN Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

   **Summons Issued-Circuit**

Document ID: 26-SMCC-1304, for SHOMAKER, RYAN WAYNE Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

   **Summons Issued-Circuit**

Document ID: 26-SMCC-1303, for CITY OF BYRNES MILL Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

   **Motion Special Process Server**

Request for Appointment of Process Server.

   **Filed By:** JACOB CHINNERY

   **On Behalf Of:** JOHN DOE

**12/18/2025**

   **Order**

ORDER TO ALLOW PETITIONER TO PROCEED UNDER PSEUDONYM JOHN DOE. SO ORDERED: JUDGE DAVID LEE VINCENT, III

   **Associated Entries: 12/03/2025 -**

   **Motion Filed**

    **+**

**12/15/2025**

   **Proposed Order Filed**

Proposed Order on Motion for Appointment of Special Process Server.

   **Filed By:** JACOB CHINNERY

   **On Behalf Of:** JOHN DOE

   **Motion Special Process Server**

Motion for Appointment of Special Process Server.

   **Filed By:** JACOB CHINNERY

   **On Behalf Of:** JOHN DOE

**12/03/2025**

   **Filing Info Sheet eFiling**

   **Close**       **d By:** JACOB CHINNERY

      **o Clerk eFiling**

   **Filed By:** JACOB CHINNERY

**Summ Req-Circuit Pers Serv**

Request for Summons to City of Byrnes Mill.

 **Filed By:** JACOB CHINNERY

 **On Behalf Of:** JOHN DOE

**Summ Req-Circ Pers Serv O/S**

Request for Out-of-State Summons to Theresa Shomaker.

 **Filed By:** JACOB CHINNERY

 **On Behalf Of:** JOHN DOE

**Summ Req-Circ Pers Serv O/S**

Request for Out-of-State Summons to Melinda Williams-Shomaker.

 **Filed By:** JACOB CHINNERY

 **On Behalf Of:** JOHN DOE

**Summ Req-Circuit Pers Serv**

Request for Summons to Ryan Shomaker Officially.

 **Filed By:** JACOB CHINNERY

 **On Behalf Of:** JOHN DOE

**Summ Req-Circuit Pers Serv**

Request for Summons to Ryan Shomaker Individually.

 **Filed By:** JACOB CHINNERY

 **On Behalf Of:** JOHN DOE

**Proposed Order Filed**

Proposed Order on Motion for Petitioner to Proceed under Pseudonym John Doe.

 **Filed By:** JACOB CHINNERY

 **On Behalf Of:** JOHN DOE

**Motion Filed**

Motion for Petitioner to Proceed under Pseudonym John Doe.

 **Filed By:** JACOB CHINNERY

 **On Behalf Of:** JOHN DOE

 **Associated Entries: 12/18/2025 -**

**Order**

 +

**Pet Filed in Circuit Ct**

Petition.

 **Filed By:** JACOB CHINNERY

 **On Behalf Of:** JOHN DOE

**Judge Assigned**

DIV 9

Close

**25SL-CC13855**

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| JOHN DOE,<br><br>     **Petitioner,**<br><br>v.<br><br>**RYAN WAYNE SHOMAKER,**<br>**individually and in his official**<br>**capacity as a Police Officer for the**<br>**City of Byrnes Mill Police**<br>**Department.**<br>Serve at:<br>13112 Butler Oak Dr. Apt. 4,<br>St. Louis, MO 63128<br><br>**MELINDA SUE WILLIAMS-**<br>**SHOMAKER,**<br>Serve at:<br>3944 St. Armens Cir.,<br>Melbourne, FL 32934.<br><br>**THERESA ANN SHOMAKER,**<br>Serve at:<br>3944 St. Armens Cir.,<br>Melbourne, FL 32934.<br><br>**CITY OF BYRNES MILL,**<br>**MISSOURI, acting through the**<br>**CITY OF BYRNES MILL POLICE**<br>**DEPARTMENT,**<br>Serve: Melinda Benedict, City<br>Administrator,<br>141 Osage Executive Circle, Byrnes<br>Mill, MO 63051.<br><br>     **Respondents.** | Cause No.: |

## PETITION

  **COMES NOW** Petitioner, **John Doe**, by counsel, and for his Petition, hereby

alleges as follows:

1

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

## JURISDICTION AND VENUE

1. As per §508.010. RSMo., St. Louis County is an appropriate venue because the causes of action alleged herein arose in St. Louis County, Missouri. Jurisdiction and venue are proper in this Court which has subject matter and personal jurisdiction over the parties since the parties are either residents of St. Louis County, Missouri, or have consented and/or are subjected to the jurisdiction of this Court.

## PARTIES

2. The Petitioner herein, John Doe, is an adult currently residing in the State of Florida.

3. Respondent Ryan Wayne Shomaker is an adult residing at 13112 Butler Oak Dr. Apt. 4, St. Louis, MO 63128, and, at all times relevant herein, was employed as a police officer for the City of Byrnes Mill Police Department.

4. Respondent Melinda Sue Williams-Shomaker is an adult residing at 3944 St. Armens Cir., Melbourne, FL 32934.

5. Respondent Theresa Ann Shomaker is an adult residing at 3944 St. Armens Cir., Melbourne, FL 32934.

6. Respondent City of Byrnes Mill is a properly formed and duly authorized municipality located in Jefferson County, Missouri, that owns, operates, and otherwise controls the City of Byrnes Mill Police Department.

7. Petitioner was first injured in St. Louis County, Missouri.

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

**STATEMENT OF FACTS COMMON TO ALL COUNTS**

8.  Petitioner realleges and incorporates by reference the factual averments of the foregoing and following paragraphs as if fully stated herein.

9.  This action is brought pursuant to §537.046. RSMo. since the acts committed against Petitioner were in violation of §566.064. RSMo. and occurred when Petitioner was under the age of 18 years old.

10. Petitioner was born in the year 2000 and is between the ages of twenty-one and thirty-one years old at the time of this action being filed. As a result, Petitioner is in compliance with the timeframe for filing civil actions for childhood sexual abuse as established by §537.046.2. RSMo. and is not barred from bringing this action by any statute of limitations.

11. This matter includes a 42 U.S.C. §1983 federal civil rights claim under the United States Constitution for violations of Petitioner's constitutional rights pursuant to the Fifth and Fourteenth Amendment which guaranteed Petitioner freedom from deprivation of liberty and ensured his bodily integrity.

### *Background*

12. During January of 2014, Respondent Ryan Wayne Shomaker arranged to meet with Petitioner, a 13 year old at the time.

13. To effectuate this meeting, Respondent Ryan Wayne Shomaker picked up Petitioner in his vehicle and drove Petitioner back to a residence located at 334 Hunters Heights Dr., Eureka, MO 63025, ("Residence") which was owned by Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker and

3

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

occupied by them at all relevant times discussed herein.

14. Respondent Ryan Wayne Shomaker led Petitioner to the basement of the Residence and attempted to have sexual intercourse with Petitioner.

15. Despite the verbal refusals and the physical resistance of Petitioner, Respondent Ryan Wayne Shomaker forced himself onto Petitioner and proceeded to sodomize him for approximately 20 minutes.

16. While in the basement of the Residence, Petitioner observed Respondent Ryan Wayne Shomaker's City of Byrnes Mill police uniform and duty belt and he believed Respondent Ryan Wayne Shomaker to be a City of Byrnes Mill police officer.

17. Approximately three weeks later, around the time of Petitioner's 14th birthday, Respondent Ryan Wayne Shomaker arranged to meet with Petitioner again.

18. During this event, Respondent Ryan Wayne Shomaker transported Petitioner to a parking lot in his SUV. The SUV had an air mattress and sex paraphernalia in the back seat.

19. At this time, Respondent Ryan Wayne Shomaker directly informed Petitioner that he was a police officer working for the City of Byrnes Mill Police Department.

20. Subsequently, Respondent Ryan Wayne Shomaker removed Petitioner's pants and attempted to perform fellatio on the minor.

21. Petitioner attempted to physically resist and reject the unwanted sexual advances, but he was overpowered by Respondent Ryan Wayne Shomaker.

22. Following this, Petitioner was forcibly sodomized for approximately 35 minutes

4

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

by Respondent Ryan Wayne Shomaker.

23. These sexual interactions between Petitioner and Respondent Ryan Wayne occurred dozens of times while Petitioner was still a minor.

24. Respondent Ryan Wayne Shomaker would routinely pick-up and drop-off Petitioner while still wearing his Byrnes Mill police uniform, badge, and duty belt.

25. During August of 2014, Respondent Ryan Wayne Shomaker first asked Petitioner about his age, to which, Petitioner stated he was 14 years old. Following Petitioner's answer, Respondent Ryan Wayne Shomaker threatened to arrest and/or turn in Petitioner's parents for neglect.

26. These threats of arresting and/or turning in Petitioner's parents continued throughout the time Petitioner and Respondent Ryan Wayne Shomaker were involved with one another.

27. On several occasions to meet with Petitioner, Respondent Ryan Wayne Shomaker would persistently threaten to arrest, confront, and/or turn in Petitioner's parents when Petitioner was trying to avoid contact with Respondent Ryan Wayne Shomaker.

28. Additionally, Respondent Ryan Wayne Shomaker threatened to arrest and/or turn in Petitioner's parents if Petitioner ever attempted to report their sexual relationship to law enforcement.

29. Over the course of their interactions, Petitioner would stay with Respondent Ryan Wayne Shomaker at the Residence for days at a time with the longest stay

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

lasting around a month.

30. During the span of their relations, Respondent Ryan Wayne Shomaker would introduce Petitioner to his family which included Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker.

31. Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker were aware that Petitioner was staying in the Residence for extended periods of time and was involved with Respondent Ryan Wayne Shomaker.

32. Respondent Ryan Wayne Shomaker had a history of alcohol and drug abuse and was consistently under the influence or hungover in the presence of Petitioner.

33. On several occasions, due to his incapacitated state, Respondent Ryan Wayne Shomaker would allow Petitioner to drive his personal vehicle. Often Respondent Ryan Wayne Shomaker's vehicle contained his City of Byrnes Mill police uniform, badge, duty belt, and firearm while Petitioner was driving it.

34. On one occasion, whilst driving Respondent Ryan Wayne Shomaker's car, Petitioner was seen by another Byrnes Mill police officer who contacted Respondent Ryan Wayne Shomaker regarding the situation.

35. To wit, this situation reported by a City of Byrnes Mill police officer did not result in Respondent Ryan Wayne Shomaker receiving any repercussion or notice from the City of Byrnes Mill Police Department.

36. Respondent Ryan Wayne Shomaker's abuse of Petitioner spanned for several years and ended in 2019 when Petitioner relayed his years of being sexually abused to law enforcement.

6

Electronically Filed - St. Louis County - December 03, 2025 - 04:12 PM

37. As a result of the aforesaid events, criminal charges were filed, to which, Respondent Ryan Wayne Shomaker pled guilty to Statutory Sodomy in the Second Degree (§566.064. RSMo.) in St. Louis County Circuit Court Case 19SL-CR01668-01.

<div align="center">

**COUNT I – ASSAULT AND BATTERY**
**[AGAINST RESPONDENT RYAN WAYNE SHOMAKER]**

</div>

38. Petitioner realleges and incorporates by reference the factual averments of the foregoing and following paragraphs as if fully stated herein.

39. During January 2014, February 2014, and other dates as detailed herein and as found in the criminal investigation, Respondent Ryan Wayne Shomaker intentionally sodomized Petitioner, a minor at the time, against his will on several occasions.

40. In the moments leading up to, during, and following the sexual assaults, Petitioner was made to feel substantial fright for his safety due to the actions of Respondent Ryan Wayne Shomaker.

41. Respondent Ryan Wayne Shomaker was a threat to Petitioner's safety in the moments leading up to, during, and following each sexual assault.

42. By his forcible and offensive sexual contact with Petitioner, Respondent Ryan Wayne Shomaker deliberately sexually abused Petitioner's person, causing him physical, emotional, and psychological harm.

43. On several occasions Petitioner did not consent to the forcible sodomy with Respondent Ryan Wayne Shomaker and was subjected to it against his will.

44. As a direct and proximate result of the sexual abuse at the hands of Respondent

<div align="center">7</div>

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

Ryan Wayne Shomaker, Petitioner sustained and will continue to sustain mental anguish, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting from being sexually abused, psychological injuries, mental sickness, and lost wages.

45. Petitioner's physical, psychological, and emotional trauma are continuous and ongoing. He has incurred and will indefinitely continue to incur expenses for psychological treatment, therapy, and counseling.

**WHEREFORE**, Petitioner prays for Judgment against Respondent Ryan Wayne Shomaker for reasonable damages attributed to the conduct of Respondent Ryan Wayne Shomaker, and for such other and further relief as this Court deems just and proper.

## COUNT II – FALSE IMPRISONMENT
### [AGAINST RESPONDENT RYAN WAYNE SHOMAKER]

46. Petitioner realleges and incorporates by reference the factual averments of the foregoing and following paragraphs as if fully stated herein.

47. During January 2014, February 2014, and other dates as detailed herein and as found in the criminal investigation, Respondent Ryan Wayne Shomaker unlawfully, intentionally, and forcibly confined Petitioner to the Residence, his car, and other locations by physically restraining and coercing Petitioner so that he could sexually assault Petitioner.

48. On several occasions, Petitioner did not consent to this confinement imposed by

8

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

Respondent Ryan Wayne Shomaker and was subjected to it against his will.

49. On several occasions, Petitioner was actively aware that he was being confined by Respondent Ryan Wayne Shomaker while the sexual assaults were occurring.

50. Respondent Ryan Wayne Shomaker's intentional confinement of Petitioner was inextricably linked with his intent to sexually assault him and the same enabled Respondent Ryan Wayne Shomaker to commit said assaults.

51. The captivity of Petitioner at the hands of Respondent Ryan Wayne Shomaker caused injury to Petitioner and he suffered actual damages as a result.

**WHEREFORE**, Petitioner prays for Judgment against Respondent Ryan Wayne Shomaker for reasonable damages attributed to the conduct of Respondent Ryan Wayne Shomaker, and for such other and further relief as this Court deems just and proper.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### [AGAINST RESPONDENT RYAN WAYNE SHOMAKER]

52. Petitioner realleges and incorporates by reference the factual averments of the foregoing and following paragraphs as if fully stated herein.

53. During January 2014, February 2014, and other dates as detailed herein and as found in the criminal investigation, Respondent Ryan Wayne Shomaker intentionally sodomized Petitioner, a minor at the time, against his will on several occasions.

54. Despite Petitioner's verbal refusals and physical resistance to Respondent Ryan Wayne Shomaker's unwanted sexual contact, Respondent Ryan Wayne Shomaker

9

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

continued to sodomize Petitioner against his will.

55. As described herein, Respondent Ryan Wayne Shomaker's continued sexual abuse of Petitioner, a minor, was intolerable, outrageous, and beyond the scope of societal civil decency.

56. Respondent Ryan Wayne Shomaker acted with malice and intent to fulfill his desires and recklessly disregarded the physical, emotional, and psychological harm that Petitioner would likely endure as a result of his actions.

57. As a direct and proximate result of Respondent Ryan Wayne Shomaker's forcible sexual abuse of Petitioner, Petitioner suffered emotional distress and suffered psychological trauma.

58. As a direct and proximate result of the sexual abuse at the hands of Respondent Ryan Wayne Shomaker, Petitioner sustained and will continue to sustain mental anguish, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting from being sexually abused, psychological injuries, mental sickness, and lost wages.

59. Petitioner's physical, psychological, and emotional trauma are continuous and ongoing. He has incurred and will indefinitely continue to incur expenses for psychological treatment, therapy, and counseling to manage his distress.

**WHEREFORE**, Petitioner prays for Judgment against Respondent Ryan Wayne Shomaker for reasonable damages attributed to the conduct of Respondent

10

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

Ryan Wayne Shomaker, and for such other and further relief as this Court deems just and proper.

## COUNT IV – NEGLIGENT FAILURE TO EXERCISE REASONABLE CARE
### [AGAINST RESPONDENTS MELINDA SUE WILLIAMS-SHOMAKER & THERESA ANN SHOMAKER]

60. Petitioner realleges and incorporates by reference the factual averments of the foregoing and following paragraphs as if fully stated herein.

61. Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker knew that Petitioner was a minor during the majority of years that he was involved with Respondent Ryan Wayne Shomaker.

62. Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker, as the homeowners, knew or should have known that Respondent Ryan Wayne Shomaker was having sexual relations with Petitioner in the basement of the Residence.

63. The actions and sexual abuse committed by Respondent Ryan Wayne Shomaker towards Petitioner did not randomly occur at the Residence but rather were routine, frequent, deliberate, and criminal in nature.

64. Petitioner was, at certain times, a captive of Respondent Ryan Wayne Shomaker and, at other times, a licensee at the Residence which was owned by Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker.

65. Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker were negligent in their duties to prevent or mitigate the criminal actions by Respondent Ryan Wayne Shomaker which they knew, or should have known, were occurring

11

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

on their property.

66. Had Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker intervened upon the knowledge of the sexual abuse happening in their home by Respondent Ryan Wayne Shomaker towards Petitioner, the extent of Petitioner's injuries would have been curtailed.

67. Said breach by Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker was a direct and enabling cause of Petitioner's continued sexual abuse at the hands of his abuser.

68. Petitioner continued to suffer sexual abuse and damages because of the failure to exercise reasonable care by Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker.

**WHEREFORE**, Petitioner prays for Judgment against Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker for reasonable damages attributed to the conduct of Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker, and for such other and further relief as this Court deems just and proper.

## COUNT V – NEGLIGENT SECURITY
### [AGAINST RESPONDENTS MELINDA SUE WILLIAMS-SHOMAKER & THERESA ANN SHOMAKER]

69. Petitioner realleges and incorporates by reference the factual averments of the foregoing and following paragraphs as if fully stated herein.

70. As stated, when Petitioner was present at the Residence he was, at certain times,

12

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

a captive of Respondent Ryan Wayne Shomaker and, at other times, a licensee at the Residence.

71. Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker owed Petitioner a duty of care due to his status as a minor licensee on their property.

72. Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker, as the homeowners, knew or should have known that Respondent Ryan Wayne Shomaker was having sexual relations with Petitioner in the basement of the Residence.

73. Accordingly, because of his known sexual relations with a minor, Respondent Ryan Wayne Shomaker was known or should have been known to Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker as a threat and danger at the Residence, especially towards Petitioner.

74. Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker failed to mitigate or address this threat posed by Respondent Ryan Wayne Shomaker and instead left him unattended and unchecked.

75. Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker's failure to address Respondent Ryan Wayne Shomaker's behavior enabled him to continuously sexually abuse Petitioner.

76. Petitioner continued to suffer sexual abuse and damages because of Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker's negligence to address the sexually abusive threat of Respondent Ryan Wayne Shomaker who resided in their home.

13

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

**WHEREFORE**, Petitioner prays for Judgment against Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker for reasonable damages attributed to the conduct of Respondents Melinda Sue Williams-Shomaker and Theresa Ann Shomaker, and for such other and further relief as this Court deems just and proper.

## COUNT VI – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983
### [AGAINST RESPONDENTS RYAN WAYNE SHOMAKER & CITY OF BYRNES MILL]

77. Petitioner realleges and incorporates by reference the factual averments of the foregoing and following paragraphs as if fully stated herein.

78. During the events as described herein, Petitioner was unlawfully deprived of his liberties and his right to bodily integrity by Respondent Ryan Wayne Shomaker who was exercising his authority given to him by Respondent City of Byrnes Mill.

79. At several times herein described, Respondent Ryan Wayne Shomaker was acting under the color of state law as a police officer for the City of Byrnes Mill.

80. On several occasions, as detailed herein, Respondent Ryan Wayne Shomaker used his position and power as a police officer for the City of Byrnes Mill to threaten, intimidate, and coerce Petitioner into a deviant sexual relationship.

81. Respondent Ryan Wayne Shomaker used his position as a police officer to maintain power over Petitioner.

82. Petitioner, a minor at the time, had grounds to believe the threats offered by Respondent Ryan Wayne Shomaker regarding the ability of Respondent Ryan Wayne Shomaker to arrest his parents.

14

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

83. Respondent Ryan Wayne Shomaker's abuse of his authority was deliberate with the intention of fulfilling his desires at the expense of Petitioner.

84. That through his authority as a police officer for Respondent City of Byrnes Mill, Respondent Ryan Wayne Shomaker was enabled to continuously sexually abuse Petitioner.

85. As a direct and proximate result of Respondent Ryan Wayne Shomaker's actions, Petitioner was injured, in that he suffered sexual abuse for several years and has sustained and will continue to sustain mental anguish, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting from being sexually abused, psychological injuries, mental sickness, and lost wages.

**WHEREFORE**, Petitioner prays for Judgment against Respondents Ryan Wayne Shomaker and City of Byrnes Mill for reasonable damages attributed to the conduct of Respondents Ryan Wayne Shomaker and City of Byrnes Mill, and for such other and further relief as this Court deems just and proper.

### COUNT VII – NEGLIGENT RETENTION
[AGAINST RESPONDENT CITY OF BYRNES MILL]

86. Petitioner realleges and incorporates by reference the factual averments of the foregoing and following paragraphs as if fully stated herein.

87. Prior to January 2014, Respondent Ryan Wayne Shomaker was employed by Franklin County, Missouri, as a detective for the Franklin County Sheriff's Office.

15

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

88. During approximately January of 2014, the time that Respondent Ryan Wayne Shomaker began sexually abusing Petitioner, through June of 2019, Respondent Ryan Wayne Shomaker was employed by the City of Byrnes Mill as a police officer.

89. Based upon the previous employment and dismissal of Respondent Ryan Wayne Shomaker with the Franklin County Sheriff's Department, Respondent City of Byrnes Mill knew, or should have known, that Respondent Ryan Wayne Shomaker had been formerly subject to internal disciplinary investigations regarding DUI/Alcohol usage incidents.

90. Respondent City of Byrnes Mill had or should have had knowledge of Petitioner, an unknown minor child unrelated to Respondent Ryan Wayne Shomaker, driving Respondent Ryan Wayne Shomaker's vehicle.

91. On information and belief, Respondent Ryan Wayne Shomaker was actively under the influence of substances or had recently been under the influence of substances while engaged in his employment duties.

92. Respondent City of Byrnes Mill was or should have been aware of Respondent Ryan Wayne Shomaker's substance abuse issues.

93. Despite an awareness of Respondent Ryan Wayne Shomaker's unfitness, Respondent City of Byrnes Mill failed to act or take disciplinary action against him and permitted him to retain his authority as a police officer.

**WHEREFORE**, Petitioner prays for Judgment against Respondent City of Byrnes Mill for reasonable damages attributed to the conduct of Respondent City

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

of Byrnes Mill, and for such other and further relief as this Court deems just and proper.

## COUNT VIII – NEGLIGENT HIRING
### [AGAINST RESPONDENT CITY OF BYRNES MILL]

94. Petitioner realleges and incorporates by reference the factual averments of the foregoing and following paragraphs as if fully stated herein.

95. Respondent City of Byrnes Mill had a duty to conduct a reasonable background check of Respondent Ryan Wayne Shomaker and to monitor his behavior.

96. Respondent City of Byrnes Mill knew, or should have known, that Respondent Ryan Wayne Shomaker was unfit for the position of a police officer based upon the information re his employment/dismissal at the Franklin County Sheriff's Department and by his apparent substance abuse issues.

97. By failing to properly investigate the fitness of Respondent Ryan Wayne Shomaker, the City of Byrnes Mill failed to fulfill its duty and thus empowered Respondent Ryan Wayne Shomaker with the authority of a police officer.

98. Said authority given to Respondent Ryan Wayne Shomaker by Respondent City of Byrnes Mill enabled him to use his position for his personal desires at the expense of Petitioner.

99. As a result of Respondent City of Byrnes Mill's failure to duly investigate Respondent Ryan Wayne Shomaker, Petitioner was injured and suffered actual damages.

17

Case: 4:26-cv-00428   Doc. #: 1-1   Filed: 03/24/26   Page: 21 of 147 PageID #: 26

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

**WHEREFORE**, Petitioner prays for Judgment against Respondent City of Byrnes Mill for reasonable damages attributed to the conduct of Respondent City of Byrnes Mill, and for such other and further relief as this Court deems just and proper.

## COUNT IX – NEGLIGENT SUPERVISION BY EMPLOYER
### [AGAINST RESPONDENT CITY OF BYRNES MILL]

100. Petitioner realleges and incorporates by reference the factual averments of the foregoing and following paragraphs as if fully stated herein.

101. During approximately January of 2014 through June of 2019, Respondent Ryan Wayne Shomaker was employed by City of Byrnes Mill as a police officer and Respondent City of Byrnes Mill carried a duty to supervise him.

102. During the scope of his employment, Respondent City of Byrnes Mill had control over its agent, Respondent Ryan Wayne Shomaker.

103. Based upon the previous employment and dismissal of Respondent Ryan Wayne Shomaker with the Franklin County Sheriff's Department, Respondent City of Byrnes Mill knew, or should have known, that Respondent Ryan Wayne Shomaker had been formerly subject to internal disciplinary investigations regarding DUI/Alcohol usage incidents.

104. Respondent City of Byrnes Mill had or should have had knowledge of Petitioner, an unknown minor child unrelated to Respondent Ryan Wayne Shomaker, driving Respondent Ryan Wayne Shomaker's vehicle.

105. Despite this knowledge, Respondent City of Byrnes Mill failed to act, address, supervise, or give notice to its employee, Respondent Ryan Wayne Shomaker,

18

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

regarding his actions.

106.   As described above, on several occasions Respondent Ryan Wayne Shomaker used his powers and authority as a police officer of the City of Byrnes Mill Police Department to coerce Petitioner, maintain control over Petitioner, and sexually abuse Petitioner.

107.   Respondent City of Byrnes Mill breached its duty of care by failing to supervise Respondent Ryan Wayne Shomaker, failing to exercise due diligence regarding his actions, failing to properly investigate his past, and tolerating his actions which caused Petitioner to suffer actual damages as a result.

**WHEREFORE**, Petitioner prays for Judgment against Respondent the City of Byrnes Mill for reasonable damages attributed to the conduct of Respondent the City of Byrnes Mill, and for such other and further relief as this Court deems just and proper.

## DAMAGES

**WHEREFORE,** Petitioner respectfully moves this Court for the following relief: Judgment against all Respondents individually, jointly, and/or severally exceeding TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensatory damages for the unlawful acts aforesaid, plus pre and post-Judgment interest, any other damages deemed reasonable and proper by this Court, and for such further and additional relief as may be justified in the premises.

19

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

## **JURY DEMAND**

Petitioner demands a jury trial on all issues in this cause, including liability and damages, and on any issue raised by this Petition that involves any fact disputed by the Respondents and on any issue that may be raised by the Respondents that involves any fact disputed by Petitioner.

Respectfully submitted,

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

20

**25SL-CC13855**

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

### IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| **JOHN DOE,**  **Petitioner,**  **v.**  **RYAN WAYNE SHOMAKER, individually and in his official capacity as a Police Officer for the City of Byrnes Mill Police Department,**  **MELINDA SUE WILLIAMS-SHOMAKER,**  **THERESA ANN SHOMAKER,**  **CITY OF BYRNES MILL, MISSOURI, acting through the CITY OF BYRNES MILL POLICE DEPARTMENT,**  **Respondents.** | **Cause No.:** |

### MOTION FOR PETITIONER TO PROCEED
### UNDER PSEUDONYM JOHN DOE

**COMES NOW** Petitioner, John Doe, by counsel, and he does hereby move this Court to permit him to file and pursue this action utilizing the pseudonym John Doe in lieu of Petitioner's full name or initials.

In support:

1. Petitioner John Doe is a sexual abuse survivor.

2. This action directly pertains to the sexual abuse suffered by John Doe at the hands of Respondent Ryan Wayne Shomaker.

3. A criminal judgment was entered against Respondent Ryan Wayne Shomaker pursuant to a guilty plea in St. Louis County Circuit Court for sodomizing

1

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

Petitioner as a minor. *See State of Missouri v. Ryan Wayne Shomaker,* 19SL-CR01668-01.

4. This action is raised pursuant to §537.046. RSMo. to recover the damages that Petitioner suffered as a result of said sexual abuse.

5. Pursuant to §595.201 RSMo., §595.209 RSMo., and Article I, §32 of the Missouri Constitution, Petitioner is entitled to have his identity protected since he is a crime victim and a survivor of sexual abuse.

6. This action and the parties herein will not be prejudiced by the usage of a pseudonym in place of Petitioner's full name or initials.

7. Petitioner respectfully requests this Court to allow Petitioner to proceed utilizing the pseudonym, John Doe, and that Respondents be ordered to refrain from filing anything with Petitioner's full name or initials.

**WHEREFORE,** Petitioner, John Doe, respectfully moves this Court to permit him to proceed utilizing the pseudonym John Doe in lieu of Petitioner's full name or initials, order Respondents to refrain from filing anything with Petitioner's full name or initials in their filings, and for any further relief this Court deems just and proper.

Respectfully submitted,

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

2

**25SL-CC13855**

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **JOHN DOE,** Petitioner, <br> v. <br><br> **RYAN WAYNE SHOMAKER,** individually and in his official capacity as a Police Officer for the City of Byrnes Mill Police Department. <br><br> **MELINDA SUE WILLIAMS-SHOMAKER,** <br><br> **THERESA ANN SHOMAKER,** <br><br> **CITY OF BYRNES MILL, MISSOURI, acting through the CITY OF BYRNES MILL POLICE DEPARTMENT,** Respondents. | **Cause No.:** |

### ORDER ON MOTION FOR PETITIONER TO PROCEED UNDER PSEUDONYM JOHN DOE

**NOW,** the Court, being fully advised and having Petitioner's Motion to Proceed under Pseudonym John Doe before it, hereby finds that: Petitioner John Doe is a sexual abuse survivor, this action directly pertains to the sexual abuse suffered by John Doe at the hands of Respondent Ryan Wayne Shomaker, a criminal judgment was entered against Respondent Ryan Wayne Shomaker pursuant to a guilty plea in St. Louis County Circuit Court Case 19SL-CR01668-01 for sodomizing Petitioner as a minor, Petitioner is entitled to have his identity protected since he is a crime victim and a survivor of a sexual abuse, and that this action and the parties herein will not be prejudiced by the usage of a pseudonym in place of Petitioner's full name or initials.

1

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED,** that Petitioner's Motion to Proceed under Pseudonym John Doe is granted and that Respondents are ordered to refrain from filing anything with Petitioner's full name or initials in their filings.


**SO ORDERED** this _____ day of _____ 202__.



_____
Honorable Circuit Judge -

2

**25SL-CC13855**

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| JOHN DOE,<br>                    Petitioner,<br>v.<br><br>RYAN WAYNE SHOMAKER,<br>individually and in his official<br>capacity as a Police Officer for the<br>City of Byrnes Mill Police<br>Department,<br><br>MELINDA SUE WILLIAMS-<br>SHOMAKER,<br><br>THERESA ANN SHOMAKER,<br><br>CITY OF BYRNES MILL,<br>MISSOURI, acting through the<br>CITY OF BYRNES MILL POLICE<br>DEPARTMENT,<br>                    Respondents. | Cause No.: |

## REQUEST FOR SUMMONS

**COMES NOW** Petitioner, John Doe, by counsel, and hereby requests Summons be issued for service upon Respondent Ryan Wayne Shomaker, in his individual capacity, at 13112 Butler Oak Dr. Apt. 4, St. Louis, MO 63128.

Respectfully submitted,

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

1

**25SL-CC13855**

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **JOHN DOE,**<br>           **Petitioner,**<br>**v.**<br><br>**RYAN WAYNE SHOMAKER,**<br>**individually and in his official**<br>**capacity as a Police Officer for the**<br>**City of Byrnes Mill Police**<br>**Department,**<br><br>**MELINDA SUE WILLIAMS-**<br>**SHOMAKER,**<br><br>**THERESA ANN SHOMAKER,**<br><br>**CITY OF BYRNES MILL,**<br>**MISSOURI, acting through the**<br>**CITY OF BYRNES MILL POLICE**<br>**DEPARTMENT,**<br>          **Respondents.** | **Cause No.:** |

## REQUEST FOR SUMMONS

**COMES NOW** Petitioner, John Doe, by counsel, and hereby requests

Summons be issued for service upon Respondent Ryan Wayne Shomaker, in his

official capacity as a Police Officer for the City of Byrnes Mill Police Department, at

13112 Butler Oak Dr. Apt. 4, St. Louis, MO 63128.

Respectfully submitted,

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

1

**25SL-CC13855**

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **JOHN DOE,**<br>　　　　　**Petitioner,**<br>**v.**<br><br>**RYAN WAYNE SHOMAKER,**<br>**individually and in his official**<br>**capacity as a Police Officer for the**<br>**City of Byrnes Mill Police**<br>**Department,**<br><br>**MELINDA SUE WILLIAMS-**<br>**SHOMAKER,**<br><br>**THERESA ANN SHOMAKER,**<br><br>**CITY OF BYRNES MILL,**<br>**MISSOURI, acting through the**<br>**CITY OF BYRNES MILL POLICE**<br>**DEPARTMENT,**<br>　　　　　**Respondents.** | **Cause No.:** |

## REQUEST FOR OUT-OF-STATE SUMMONS

**COMES NOW** Petitioner, John Doe, by counsel, and hereby requests an out-of-state Summons be issued for service upon Respondent Melinda Sue Williams-Shomaker at 3944 St. Armens Cir., Melbourne, FL 32934.

Respectfully submitted,

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

1

**25SL-CC13855**

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **JOHN DOE,**<br>                    **Petitioner,**<br>**v.**<br><br>**RYAN WAYNE SHOMAKER,**<br>**individually and in his official**<br>**capacity as a Police Officer for the**<br>**City of Byrnes Mill Police**<br>**Department,**<br><br>**MELINDA SUE WILLIAMS-**<br>**SHOMAKER,**<br><br>**THERESA ANN SHOMAKER,**<br><br>**CITY OF BYRNES MILL,**<br>**MISSOURI, acting through the**<br>**CITY OF BYRNES MILL POLICE**<br>**DEPARTMENT,**<br>                    **Respondents.** | **Cause No.:** |

## REQUEST FOR OUT-OF-STATE SUMMONS

**COMES NOW** Petitioner, John Doe, by counsel, and hereby requests an out-of-state Summons be issued for service upon Respondent Theresa Ann Shomaker at 3944 St. Armens Cir., Melbourne, FL 32934.

Respectfully submitted,

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

1

**25SL-CC13855**

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **JOHN DOE,**<br>                    **Petitioner,**<br>**v.**<br><br>**RYAN WAYNE SHOMAKER,**<br>**individually and in his official**<br>**capacity as a Police Officer for the**<br>**City of Byrnes Mill Police**<br>**Department,**<br><br>**MELINDA SUE WILLIAMS-**<br>**SHOMAKER,**<br><br>**THERESA ANN SHOMAKER,**<br><br>**CITY OF BYRNES MILL,**<br>**MISSOURI, acting through the**<br>**CITY OF BYRNES MILL POLICE**<br>**DEPARTMENT,**<br>                    **Respondents.** | **Cause No.:** |

### REQUEST FOR SUMMONS

**COMES NOW** Petitioner, John Doe, by counsel, and hereby requests

Summons be issued for service upon Respondent City of Byrnes Mill, Missouri. Serve:

Melinda Benedict, City Administrator, at 141 Osage Executive Circle, Byrnes Mill,

MO 63051.

Respectfully submitted,

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

1

Electronically Filed - ST LOUIS COUNTY - December 15, 2025 - 03:03 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| JOHN DOE,<br>                **Petitioner,**<br>v.<br><br>RYAN WAYNE SHOMAKER,<br>individually and in his official<br>capacity as a Police Officer for the<br>City of Byrnes Mill Police<br>Department.<br><br>MELINDA SUE WILLIAMS-<br>SHOMAKER,<br><br>THERESA ANN SHOMAKER,<br><br>CITY OF BYRNES MILL,<br>MISSOURI, acting through the<br>CITY OF BYRNES MILL POLICE<br>DEPARTMENT,<br>                **Respondents.** | Cause No.: 25SL-CC13855 |

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

**COMES NOW** Petitioner, John Doe, by counsel, and does hereby move the Court to appoint John D. Koch, JDK Services, LLC, 8 Nickridge Drive, Washington, MO 63090, as special process server to serve a copy of the Petition and Summons upon Respondent Ryan Wayne Shomaker at 13112 Butler Oak Dr. Apt. 4, St. Louis, MO 63128, or wherever he may be found.

1

Electronically Filed - ST LOUIS COUNTY - December 15, 2025 - 03:03 PM

Respectfully submitted,

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing has been efiled on the Court's

electronic system this 15th day of December 2025.

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

2

Electronically Filed - ST LOUIS COUNTY - December 15, 2025 - 03:03 PM

## AFFIDAVIT OF SPECIAL PROCESS SERVER

Further,

1. I am at least eighteen (18) years of age
2. I am a citizen of the United States
3. I have a high school diploma or equivalent
4. I have not plead guilty or been convicted of a felony or a misdemeanor involving moral turpitude
5. I am not and never have been a fugitive from justice or currently charged with a felony or a misdemeanor involving moral turpitude
6. I am not related to or employed by a party in the action
7. I am of good moral character
8. I have not been disqualified to act as a process server within the preceding twelve (12) months.

John D. Koch

**STATE OF MISSOURI**          )
                              ) SS
**COUNTY OF** Franklin          )

On this 8 day of January 2025, before me personally appeared John D. Koch, to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal in, Crawford County, Missouri, the day and year first above written.

Donna K. Marquart
**Notary Public**

```
DONNA K. MARQUART
Notary Public - Notary Seal
STATE OF MISSOURI
Franklin County
Commission # 13475217
My Commission Expires: 3/9/2025
```

1

Electronically Filed - ST LOUIS COUNTY - December 15, 2025 - 03:03 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| **JOHN DOE,** <br> **Petitioner,** <br> **v.** <br><br> **RYAN WAYNE SHOMAKER,** **individually and in his official** **capacity as a Police Officer for the** **City of Byrnes Mill Police** **Department.** <br><br> **MELINDA SUE WILLIAMS-SHOMAKER,** <br><br> **THERESA ANN SHOMAKER,** <br><br> **CITY OF BYRNES MILL,** **MISSOURI, acting through the** **CITY OF BYRNES MILL POLICE** **DEPARTMENT,** <br> **Respondents.** | **Cause No.: 25SL-CC13855** |

## ORDER ON MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

**COMES NOW** Petitioner, John Doe, by counsel, and does hereby move the

Court to appoint John D. Koch, JDK Services, LLC, 8 Nickridge Drive, Washington,

MO 63090, as special process server to serve a copy of the Petition and Summons

upon Respondent Ryan Wayne Shomaker at 13112 Butler Oak Dr. Apt. 4, St. Louis,

MO 63128, or wherever he may be found.

And Petitioner's Motion is GRANTED.

So Ordered this _____ day of _____, 202__.


_____
Circuit Judge / Circuit Clerk

1

Electronically Filed - ST LOUIS COUNTY - December 15, 2025 - 03:03 PM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that the foregoing has been efiled on the

Court's electronic system this 15th day of December 2025.


By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

2

FILED
12/18/25
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY, MO

**25SL-CC13855**

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **JOHN DOE,** **Petitioner,** v. **RYAN WAYNE SHOMAKER, individually and in his official capacity as a Police Officer for the City of Byrnes Mill Police Department.** **MELINDA SUE WILLIAMS-SHOMAKER,** **THERESA ANN SHOMAKER,** **CITY OF BYRNES MILL, MISSOURI, acting through the CITY OF BYRNES MILL POLICE DEPARTMENT,** **Respondents.** | **Cause No.:** |

## ORDER ON MOTION FOR PETITIONER TO PROCEED UNDER PSEUDONYM JOHN DOE

**NOW,** the Court, being fully advised and having Petitioner's Motion to Proceed under Pseudonym John Doe before it, hereby finds that: Petitioner John Doe is a sexual abuse survivor, this action directly pertains to the sexual abuse suffered by John Doe at the hands of Respondent Ryan Wayne Shomaker, a criminal judgment was entered against Respondent Ryan Wayne Shomaker pursuant to a guilty plea in St. Louis County Circuit Court Case 19SL-CR01668-01 for sodomizing Petitioner as a minor, Petitioner is entitled to have his identity protected since he is a crime victim and a survivor of a sexual abuse, and that this action and the parties herein will not be prejudiced by the usage of a pseudonym in place of Petitioner's full name or initials.

1

Electronically Filed - St Louis County - December 03, 2025 - 04:12 PM

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED,** that Petitioner's Motion to Proceed under Pseudonym John Doe is granted and that Respondents are ordered to refrain from filing anything with Petitioner's full name or initials in their filings.

**SO ORDERED:**                    _____ 202__.

Judge        Division 09

December 18, 2025

_____

Honorable Circuit Judge -

2



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | Case Number:  25SL-CC13855 |
| Plaintiff/Petitioner:<br>JOHN DOE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JACOB CHINNERY<br>PO BOX 1144<br>STEELVILLE, MO  65565 |
| Defendant/Respondent:<br>RYAN WAYNE SHOMAKER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp for Return) |

The State of Missouri to: **MELINDA SUE WILLIAMS-SHOMAKER**
               **Alias:**

**3944 ST. ARMENS CIR.**
**MELBOURNE, FL  32934**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| | |
|---|---|
| 21-JAN-2026 | /S/ Adam Dockery |
| Date | Clerk |

**Further Information:**
AD

Case Number: 25SL-CC13855

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2. My official title is _____ of _____ County, _____ (state).

3. I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of age

residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____(title).

☐ other: _____.

Served at _____ (address)

in _____ (County), _____ (state), on _____(date)

at _____ (time).

_____          _____
       Printed Name of Officer or Server                    Signature of Officer or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month), _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

*(Seal)*

☐ authorized to administer oaths. (use for court-appointed server)

_____
              Signature and Title

**Service Fees**

Summons     $_____

Non Est       $_____

Mileage       $_____ (_____ miles @ $._____ per mile)

**Total**          $_____

See the following page for directions to officer making return on service of summons.

SJRC (12-24) SM60 (SMOS) *For Court Use Only:* **Document ID # 26-SMOS-205**  2  of  3  25SL-CC13855      SCR 54.06, 54.07, 54.14, and 54.20; 506.500, 506.510 RSMo

Case Number: 25SL-CC13855

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | **Case Number:  25SL-CC13855** |
| Plaintiff/Petitioner:<br>JOHN DOE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JACOB CHINNERY<br>PO BOX 1144<br>STEELVILLE, MO  65565 |
| Defendant/Respondent:<br>RYAN WAYNE SHOMAKER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp for Return)

**The State of Missouri to**: **THERESA ANN SHOMAKER**
**Alias:**

**3944 ST. ARMENS CIR.**
**MELBOURNE, FL  32934**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 21-JAN-2026 | /S/ Adam Dockery |
|:---:|:---:|
| Date | Clerk |

**Further Information:**
AD

Case Number: 25SL-CC13855

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2. My official title is _____ of _____ County, _____ (state).

3. I have served the above Summons by: (check one)

☐  delivering a copy of the summons and petition to the defendant/respondent.

☐  leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of age

residing therein.

☐  (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____(title).

☐  other: _____.

Served at _____ (address)

in _____ (County), _____ (state), on _____(date)

at _____ (time).

_____        _____
Printed Name of Officer or Server                     Signature of Officer or Server

**Subscribed and sworn to** before me this ____ (day) _____ (month), _____ (year).

I am: (check one)  ☐  the clerk of the court of which affiant is an officer.

☐  the judge of the court of which affiant is an officer.

☐  authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

*(Seal)*

☐  authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees**

Summons     $_____

Non Est      $_____

Mileage      $_____ (_____ miles @ $._____ per mile)

**Total**         $_____

See the following page for directions to officer making return on service of summons.

Case Number: 25SL-CC13855

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 25SL-CC13855 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JOHN DOE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACOB CHINNERY<br>PO BOX 1144<br>STEELVILLE, MO  65565 | |
| Defendant/Respondent:<br>RYAN WAYNE SHOMAKER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:   RYAN WAYNE SHOMAKER**
**Alias:**
**13112 BUTLER OAK DR. APT. 4**
**ST. LOUIS, MO  63128**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

|  |  |
|---|---|
| 21-JAN-2026 | /S/ Adam Dockery |
| Date | Clerk |

**Further Information:**
AD

**Case Number: 25SL-CC13855**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____      _____
        Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*        My commission expires: _____ _____
                                          Date                              Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**<u>Purpose of Notice</u>**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**<u>Your Rights and Obligations in Court Are Not Affected By This Notice</u>**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**<u>Alternative Dispute Resolution Procedures</u>**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - January 21, 2026 - 11:24 AM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

John Doe
Plaintiff/Petitioner

vs.

Ryan Wayne Shomaker et al.
Defendant/Respondent

January 21, 2026
Date

25SL-CC13855
Case Number

9
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Petitioner John Doe__, pursuant
                    Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

John D. Koch, JDK Services, LLC, 8 Nickridge Drive, Washington, MO 63090, (314) 709-5531
Name of Process Server                          Address                                              Telephone

ABC Legal, 1099 Stewart St., Suite 700, Seattle, WA 98101, (206) 521-2887
Name of Process Server                          Address or in the Alternative                        Telephone

Brevard County Sheriff's Office, 700 Park Ave., Titusville, FL 32780, (321) 264-5201
Name of Process Server                          Address or in the Alternative                        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Ryan Wayne Shomaker, individually and officially
Name
13112 Butler Oak Dr., Apt. 4
Address
St. Louis, MO 63128
City/State/Zip

SERVE:
City of Byrnes Mill, Missouri. Serve: Melinda Benedict, City Admin
Name
141 Osage Executive Circle
Address
Byrnes Mill, MO 63051
City/State/Zip

SERVE:
Melinda Sue Williams-Shomaker
Name
3944 St. Armens Cir.
Address
Melbourne, FL 32934
City/State/Zip

SERVE:
Theresa Ann Shomaker
Name
3944 St. Armens Cir.
Address
Melbourne, FL 32934
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk


By _____
Deputy Clerk

_____
Date

Signature of Attorney/Plaintiff/Petitioner
77909
Bar No.
211 W. Main St., Steelville, MO 65565
Address
(573) 775-1400
Phone No.                                    Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - January 21, 2026 - 11:24 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site,
https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - January 21, 2026 - 11:24 AM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

__John Doe__
Plaintiff/Petitioner

vs.

__Ryan Wayne Shomaker et al.__
Defendant/Respondent

__January 21, 2026__
Date

__25SL-CC13855__
Case Number

__9__
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Petitioner John Doe__, pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

John D. Koch, JDK Services, LLC, 8 Nickridge Drive, Washington, MO 63090, (314) 709-5531
Name of Process Server                              Address                                                              Telephone

ABC Legal, 1099 Stewart St., Suite 700, Seattle, WA 98101, (206) 521-2887
Name of Process Server                              Address or in the Alternative                              Telephone

Brevard County Sheriff's Office, 700 Park Ave., Titusville, FL 32780, (321) 264-5201
Name of Process Server                              Address or in the Alternative                              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
 Ryan Wayne Shomaker, individually and officially
Name
 13112 Butler Oak Dr., Apt. 4
Address
 St. Louis, MO 63128
City/State/Zip

SERVE:
 City of Byrnes Mill, Missouri. Serve: Melinda Benedict, City Admin
Name
 141 Osage Executive Circle
Address
 Byrnes Mill, MO 63051
City/State/Zip

SERVE:
 Melinda Sue Williams-Shomaker
Name
 3944 St. Armens Cir.
Address
 Melbourne, FL 32934
City/State/Zip

SERVE:
 Theresa Ann Shomaker
Name
 3944 St. Armens Cir.
Address
 Melbourne, FL 32934
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____ /S/ Adam Dockery _____
Deputy Clerk

01/21/2026
Date

Signature of Attorney/Plaintiff/Petitioner
77909
Bar No.
211 W. Main St., Steelville, MO 65565
Address
(573) 775-1400
Phone No.                                                          Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - January 21, 2026 - 11:24 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 07/22



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  25SL-CC13855 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JOHN DOE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACOB CHINNERY<br>PO BOX 1144<br>STEELVILLE, MO  65565 | |
| Defendant/Respondent:<br>RYAN WAYNE SHOMAKER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:   CITY OF BYRNES MILL**
**Alias:**
**141 OSAGE EXECUTIVE CIRCLE**
**SERVE: MELINDA BENEDICT**
**CITY ADMINISTRATOR**
**BYRNES MILL, MO  63051**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 21-JAN-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Case Number: 25SL-CC13855**

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____    _____
    Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                                Date                         Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 25SL-CC13855 | |
|---|---|---|
| Plaintiff's/Petitioner:<br>JOHN DOE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACOB CHINNERY<br>PO BOX 1144<br>STEELVILLE, MO  65565 | |
| Defendant/Respondent:<br>RYAN WAYNE SHOMAKER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:**  **RYAN WAYNE SHOMAKER**
   **Alias:**
   **13112 BUTLER OAK DR. APT. 4**
   **ST. LOUIS, MO  63128**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

|  |  |
|---|---|
| 21-JAN-2026 | /S/ Adam Dockery |
| Date | Clerk |

**Further Information:**
AD

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-1304**
1 of 2 (25SL-CC13855)                                    Civil Procedure Form No. 1, SCR 54.01 – 54.05,
                                              54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case Number: 25SL-CC13855

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

## Officer's or Server's Return

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☒ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at ___13112 Butler Oak Dr Apt 4 St. Louis, MO 63128___ (address) in ___St. Louis___ (County/City of St. Louis), MO, on __1/21/2026__ (date) at __7:37 PM__ (time).

_____          _____
**Tommy Webb**                              *(signature)*
Printed Name of Officer or Server        Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.** Subscribed and sworn to before me on __January 27, 2026__ (date). My commission expires: __10/22/2027__        _____
                                    Date                            Notary Public

*(Notary Seal: TESSA L. ROESCH, My Commission Expires 10-22-2027, NOTARY SEAL, St. Charles County, Commission # 17893037, NOTARY PUBLIC - STATE OF MISSOURI)*

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

# JDKSERVICES, LLC
## JOHN D. KOCH

**MEMBER: NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS**

1321 RUNNING CREEK CT. - WASHINGTON, MO 63090
314-709-5531 | JKPYRO@YAHOO.COM

Case #: 25SL-CC13855   Date: 1 / 28 / 2026

Law Firm: JACOB CHINNERY

Client: JOHN DOE

Address: STEELVILLE, MO.

| Description | Amount | |
|---|---|---|
| Delivery Fee Per Served Document | | |
| SUMMONS IN CIVIL CASE | | |
| - RYAN WAYNE SHOMAKER | 35 | - |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Mileage Fee  52 MILES @ °.70 | 36 | 40 |
| | | |
| Thank you                            TOTAL | 71 | 40 |

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing has been served on all

parties by efiling on the Court's electronic system this 27th day of January 2026.

> By: /s/ Jacob Chinnery
> **Jacob Chinnery # 77909**
> Attorney for Petitioner
> 211 W Main St
> P.O. Box 1144
> Steelville, Missouri 65565
> (573) 775-1400
> (314) 477-8694



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 25SL-CC13855 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JOHN DOE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACOB CHINNERY<br>PO BOX 1144<br>STEELVILLE, MO 65565 | |
| Defendant/Respondent:<br>RYAN WAYNE SHOMAKER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:**   **CITY OF BYRNES MILL**
**Alias:**
**141 OSAGE EXECUTIVE CIRCLE**
**SERVE: MELINDA BENEDICT**
**CITY ADMINISTRATOR**
**BYRNES MILL, MO 63051**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***



***ST. LOUIS COUNTY***

| 21-JAN-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

Case Number: 25SL-CC13855

## Officer's or Server's Return

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☒ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _141 Osage Executive Circle Byrnesville, MO 63051_ (address)

in _Jefferson_ (County/City of St. Louis), MO, on _1/22/2026_ (date)

at _9:48 AM_ (time).

_Tommy Webb_      _Tommy Webb_

Printed Name of Officer or Server      Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _January 22, 2026_ (date).

My commission expires: _10/22/2027_     _____
              Date             Notary Public

(Notary Seal: TESSA L ROESCH, My Commission Expires 10-22-2027, NOTARY SEAL, St. Charles County, Commission # 17893037, NOTARY PUBLIC - STATE OF MISSOURI)

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-1303**
2 of 2 (25SL-CC13855)      Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

# JDK SERVICES, LLC
## JOHN D. KOCH

MEMBER: **NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS**

1321 RUNNING CREEK CT. - WASHINGTON, MO 63090
314-709-5531 | JKPYRO@YAHOO.COM

Case #: 25SL-CC13855    Date: 1/26/2026

Law Firm: JACOB CHINNERY

Client: JOHN DOE

Address: STEELVILLE, MO.

| Description | Amount | |
|---|---|---|
| Delivery Fee Per Served Document | | |
| SUMMONS IN CIVIL CASE | | |
| | | |
| - CITY OF BYRNES MILL | | |
| CITY ADMINISTRATOR | 35 | — |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Mileage Fee  68 MILES @ $.70 | 47 | 60 |
| | | |
| | | |
| Thank you                                    TOTAL | 82 | 60 |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing has been served on all parties by efiling on the Court's electronic system this 27th day of January 2026.

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>DAVID L VINCENT III | Case Number: 25SL-CC13855 | |
| Plaintiff/Petitioner:<br>JOHN DOE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JACOB CHINNERY<br>PO BOX 1144<br>STEELVILLE, MO 65565 | |
| Defendant/Respondent:<br>RYAN WAYNE SHOMAKER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

The State of Missouri to: MELINDA SUE WILLIAMS-SHOMAKER
Alias:

**3944 ST. ARMENS CIR.**
**MELBOURNE, FL 32934**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 21-JAN-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

Case Number: 25SL-CC13855

**Officer's or Server's Affidavit of Service**

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2. My official title is _Certified Process Server_ of _Brevard_ County, _Florida_ (state).

3. I have served the above Summons by: (check one)

   ☐ delivering a copy of the summons and petition to the defendant/respondent.

   ☑ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _Lucas Schumaker_, a person at least 18 years of age residing therein.

   ☐ (for service on a corporation) delivering a copy of the summons and petition to:

   _____ (name) _____(title).

   ☐ other: _____.

Served at _3944 Saint Armens Circle Melbourne, FL 32934_ (address) in _Brevard_ (County), _Florida_ (state), on _1/22/26_ (date) at _5:05 pm_ (time).

_Sandra Patton_
Printed Name of Officer or Server

_[signature]_
Signature of Officer or Server

**Subscribed and sworn to** before me this _23_ (day) _JANUARY_ (month), _2026_ (year).

_[signature]_

MANOELA LEFLER
Commission # HH 458427
Expires October 25, 2027

am: (check one)

☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☑ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

☐ authorized to administer oaths. (use for court-appointed server)

_[signature] Process Server_
Signature and Title

**Service Fees**

Summons $_____
Non Est $_____
Mileage $_____ (_____ miles @ $._____ per mile)
**Total** $_____

See the following page for directions to officer making return on service of summons.

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

# JDK SERVICES, LLC
### PROCESS SERVICES

## JOHN D. KOCH
### 1321 RUNNING CREEK CT. - WASHINGTON, MO 63090
### 314-709-5531 | JKPYRO@YAHOO.COM

| Case #: 25SL-CC13855 | Date: 1 / 24 / 2026 |
|---|---|
| Law Firm: JACOB CHINNERY | |
| Client: JOHN DOE | |
| Address: STEELVILLE, MO | |

| Description | Amount |
|---|---|
| Delivery Fee Per Served Document | |
| SUMMONS FOR PERSONAL SERVICE OUTSIDE THE STATE OF MISSOURI (EXCEPT ATTACHMENT ACTION) | |
| - MELINDA SUE WILLIAMS-SHOMAKER | |
| - THERESA ANN SHOMAKER | |
| | |
| | |
| | |
| | |
| | |
| Milage Fee | |
| | |
| Thank you | TOTAL  135 — |

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing has been served on all

parties by efiling on the Court's electronic system this 27th day of January 2026.

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 25SL-CC13855 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JOHN DOE<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>JACOB CHINNERY<br>PO BOX 1144<br>STEELVILLE, MO  65565 | |
| Defendant/Respondent:<br>RYAN WAYNE SHOMAKER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

The State of Missouri to: **THERESA ANN SHOMAKER**
              **Alias:**

## 3944 ST. ARMENS CIR.
## MELBOURNE, FL  32934

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 21-JAN-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

Case Number: 25SL-CC13855

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2. My official title is _Certified Process Server_ of _Brevard_ County, _Florida_ (state).

3. I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☑ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _Lucas Shumaker_, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _3944 Saint Armens Circle Melbourne, FL 32934_ (address) in _Brevard_ (County), _Florida_ (state), on _1/22/26_ (date) at _5:05 pm_ (time).

_Sandra Patton_
**Printed Name of Officer or Server**

_[signature]_
**Signature of Officer or Server**

**Subscribed and sworn to** before me this _23_ (day) _JANUARY_ (month), _2026_ (year).

_[seal: MANOELA LEFLER, Commission # HH 458427, Expires October 25, 2027]_

I am: (check one)

☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☑ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

☐ authorized to administer oaths. (use for court-appointed server)

_[signature]_ _Process Server_
**Signature and Title**

**Service Fees**

Summons      $_____
Non Est        $_____
Mileage        $_____ (_____ miles @ $_____ per mile)
**Total**          $_____

See the following page for directions to officer making return on service of summons.

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

# JDK SERVICES, LLC
## PROCESS SERVICES

## JOHN D. KOCH

### 1321 RUNNING CREEK CT. - WASHINGTON, MO 63090
### 314-709-5531 | JKPYRO@YAHOO.COM

| Case #: 25SL-CC13855 | Date: 1 / 24 / 2026 |
|---|---|
| Law Firm: JACOB CHINNERY | |
| Client: JOHN DOE | |
| Address: STEELVILLE, MO | |

| Description | Amount |
|---|---|
| Delivery Fee Per Served Document | |
| SUMMONS FOR PERSONAL SERVICE OUTSIDE THE STATE OF MISSOURI (EXCEPT ATTACHMENT ACTION) | |
| - MELINDA SUE WILLIAMS-SHOMAKER | |
| - THERESA ANN SHOMAKER | |
| | |
| | |
| | |
| | |
| | |
| Milage Fee | |
| | |
| Thank you                                  TOTAL | 135— |

Electronically Filed - ST LOUIS COUNTY - January 27, 2026 - 10:21 AM

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing has been served on all

parties by efiling on the Court's electronic system this 27th day of January 2026.

By: /s/ Jacob Chinnery
**Jacob Chinnery # 77909**
Attorney for Petitioner
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694



FILED

FEB 2 3 2026

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Case No. 25SL-CC13855

JOHN DOE, Plaintiff,

v.

RYAN WAYNE SHOMAKER, Defendant,

## MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME (INSTANTER)

COMES NOW Defendant Ryan Wayne Shomaker, appearing pro se, and

respectfully moves this Court for leave to file his Answer out of time instanter. In support
thereof, Defendant states as follows:

1. Defendant was served with Plaintiff's Petition on January 21, 2026.
2. Defendant's responsive pleading was due on February 20, 2026.
3. Prior to the deadline, Defendant made diligent and continuous good-faith efforts to file
   his Answer electronically through Missouri's Case.net and eFiling system documented
   via email date / time stamps.
4. Defendant created a Missouri Judiciary account and attempted to complete eFiling
   registration in order to file his responsive pleading. There was conflicting information for
   pro se litigants.
5. Defendant contacted the Missouri Office of State Courts Administrator (OSCA) Help
   Desk at earliest the next business day (02-23-26) and was informed pro se litigants are
   not permitted to eFile civil pleadings yet in Missouri but St. Louis County accepts them
   emailed.
6. Defendant contacted the St. Louis County Circuit Court Clerk's office and was informed
   there is an email address. After giving me the email address, I was subsequently told only
   licensed attorneys may eFile civil pleadings in this division and self-represented litigants
   must mail or physically deliver filings. Family Court is the only allowable pro se eFile.
7. Defendant's inability to eFile was therefore not due to neglect or indifference, but due to
   system limitations and filing policies applicable to self-represented litigants.

1

8. Defendant acted promptly upon learning the proper filing procedure and now tenders his Answer contemporaneously with this Motion.
9. No default has been entered in this matter.
10. Plaintiff will suffer no prejudice if Defendant is permitted to file his Answer out of time, and Missouri courts favor resolution of cases on their merits.

WHEREFORE, Defendant respectfully requests this Court grant

leave to file his Answer instanter and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Ryan Wayne Shomaker
Ryan Wayne Shomaker
Defendant, Pro Se
13112 Butler Oak Dr Apt 4
St Louis, MO 63128
(314) 818-5852
Ryaniam1@msn.com

Date: 23rd of February, 2026

2

 **Outlook**

---

## Missouri Judiciary Account - Account Updated

---

**From** mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>

**Date** Fri 02/20/2026 6:52 PM

**To** ryaniam1@msn.com <ryaniam1@msn.com>

You are receiving this e-mail because your Missouri Judiciary Account information has been updated. If you did not update your online account information, please log in to review your account information, change your password and change the answers to your security questions.

Click here to access My Account.

If you have questions or need additional assistance, please contact the Help Desk via phone at (888) 541-4894 or via e-mail at OSCA.Help.Desk@courts.mo.gov.

This email is auto generated. Please do not respond.

Exibit A

 **Outlook**

---

**Missouri Judiciary Account - Account Updated**

---

From mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>

Date Fri 02/20/2026 7:10 PM

To ryaniam1@msn.com <ryaniam1@msn.com>

You are receiving this e-mail because your Missouri Judiciary Account information has been updated. If you did not update your online account information, please log in to review your account information, change your password and change the answers to your security questions.

Click here to access <u>My Account</u>.

If you have questions or need additional assistance, please contact the Help Desk via phone at (888) 541-4894 or via e-mail at <u>OSCA.Help.Desk@courts.mo.gov</u>.

This email is auto generated. Please do not respond.

*Exibit B*

 **Outlook**

---

## Missouri Judiciary Account - Registration

---

**From** mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>

**Date** Fri 02/20/2026 7:46 PM

**To** mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>

**Cc** ryaniam1@msn.com <ryaniam1@msn.com>

You now are registered for a Missouri Judiciary Account. You may use this account to sign up for judicial services such as the Missouri eFiling System and Supreme Court Publications.

**IMPORTANT:**

• For security reasons, you will have to wait up to five minutes before you will be able to use your sho_1427_ryaniam account to log in.

• If you are an attorney and are going to use your account with the Missouri eFiling System, **your registration is not complete.** You will need to log in to the Missouri Courts eFiling System and complete additional steps to activate your account. (If you encounter difficulties with the preceding link please enter the following URL into your internet browser: https://www.courts.mo.gov/ecf/logon.do).

• If you have any questions or problems, please contact the Office of State Courts Administrator Help Desk at (888) 541-4894 or via e-mail at OSCA.Help.Desk@courts.mo.gov. The OSCA Help Desk is available 7:30 a.m.-5 p.m. Monday through Friday, excluding state holidays.

This email is auto generated. Please do not respond.

*Exibit C*

 **Outlook**

---

**Missouri Judiciary Account - Account Updated**

---

From mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>
Date Fri 02/20/2026 8:02 PM
To    ryaniam1@msn.com <ryaniam1@msn.com>

You are receiving this e-mail because your Missouri Judiciary Account information has been updated. If you did not update your online account information, please log in to review your account information, change your password and change the answers to your security questions.

Click here to access My Account.

If you have questions or need additional assistance, please contact the Help Desk via phone at (888) 541-4894 or via e-mail at OSCA.Help.Desk@courts.mo.gov.

This email is auto generated. Please do not respond.

*Exibet D*

 Outlook

---

## Missouri Judiciary Account - Registration

---

**From** mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>
**Date** Fri 02/20/2026 9:32 PM
**To** mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>
**Cc** ryaniam1@msn.com <ryaniam1@msn.com>

You now are registered for a Missouri Judiciary Account. You may use this account to sign up for judicial services such as the Missouri eFiling System and Supreme Court Publications.

**IMPORTANT:**

• For security reasons, you will have to wait up to five minutes before you will be able to use your sho_ryan_01 account to log in.

• If you are an attorney and are going to use your account with the Missouri eFiling System, **your registration is not complete.** You will need to log in to the Missouri Courts eFiling System and complete additional steps to activate your account. (If you encounter difficulties with the preceding link please enter the following URL into your internet browser: https://www.courts.mo.gov/ecf/logon.do).

• If you have any questions or problems, please contact the Office of State Courts Administrator Help Desk at (888) 541-4894 or via e-mail at OSCA.Help.Desk@courts.mo.gov. The OSCA Help Desk is available 7:30 a.m.-5 p.m. Monday through Friday, excluding state holidays.

This email is auto generated. Please do not respond.

*Exibit E*

 Outlook

---

**Fw: Defendant - ANSWER FILED PRIOR TO DEADLINE – Case No. 25SL-CC13855**

---

From Ryan S. <Ryaniam1@msn.com>
Date Fri 02/20/2026 10:42 PM
To    civil@stlccircuitclerk.com <civil@stlccircuitclerk.com>

📎 2 attachments (193 KB)
Final Court Answer.pdf; Final Motion to Dismiss.pdf;


Records Purposes:

Defendant - ANSWER FILED PRIOR TO DEADLINE - Case No. 25SL-CC13855

---

**From:** Ryan S. <Ryaniam1@msn.com>
**Sent:** Friday, February 20, 2026 10:33 PM
**To:** Ryan S. <Ryaniam1@msn.com>
**Cc:** Ryan S. <Ryaniam1@msn.com>
**Subject:** Defendant - ANSWER FILED PRIOR TO DEADLINE – Case No. 25SL-CC13855


Records Purposes:

Defendant - ANSWER FILED PRIOR TO DEADLINE – Case No. 25SL-CC13855


To:
Attorney Jacob Chinnery
PO Box 1144
Steelville, MO 65565
After hours and no email address other than sending you a message at:


Defendant (Ryan Shomaker) attempted eFiling multiple times prior to deadline but Missouri eFiling system required clerk authentication of pro se account. Defendant will file formally with the Court at the first available opportunity on Monday morning, 02-23-26.

After hours contact of this only; no email address. I did send a message at the link below but it's generic.
Contact — The Law Office Of Jacob M. Chinnery, LLC


I have time date and stamped the PDF's by sending a copy to myself and a friend (J.C.) in case needed as I couldn't send to you. I also sent a copy to Attorney Timothy Wolf (314-374-8421) in St Louis who DOES NOT represent me, but can verify the validity of these documents via date / time stamp if needed.

Exhibit F; 1 of 2

Also sent email to: civil@stlccircuitclerk.com

Ryan Shomaker
(314) 818-5852

Exibit F; 2 of 2

 **Outlook**

**Doc**

From Ryan S. <Ryaniam1@msn.com>
Date Fri 02/20/2026 10:06 PM
To    Ryan S. <Ryaniam1@msn.com>

📎 1 attachment (1 MB)
IMG_8927.jpg;

Ryan.
(314) 818-5852

Exbit G

 Outlook

---

## Service Request 1004028 has been opened

---

**From** Show-Me Service Center <Show-Me.Service.Center@courts.mo.gov>
**Date** Mon 02/23/2026 8:53 AM
**To** ryaniam1@msn.com <ryaniam1@msn.com>

   

## Show-Me Service Center

| | |
|---|---|
| Ticket Number | 1004028 |
| Priority | 3 |
| Description | Can you please delete my case.net accounts with the username:<br><br>1. ryaniam_sho1427<br>2: sho_1427_ryaniam |
| Status | New |
| Categorization | Case Management -> Case.net -> Secure Case.net ID Request |
| Assigned Team | ITS Security |
| Assigned Person | |
| Requestor | Ryan Shomaker |
| Reason | You have received this notification because the ticket number noted above has been opened. |
| Comment(s) | |

If you have questions or concerns, please reply to this message or call the OSCA Help Desk at (888) 541-4894.

{CMI: MCID4139358}

*Exibet H*



**FILED**

FEB 2 3 2026

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Case No. 25SL-CC13855

JOHN DOE, Plaintiff,

v.

RYAN WAYNE SHOMAKER, Defendant,

### DEFENDANT RYAN WAYNE SHOMAKER'S ANSWER

COMES NOW Defendant Ryan Wayne Shomaker ("Defendant"), by and for his Answer to Plaintiff's Petition, states as follows. Defendant denies each and every allegation contained in Plaintiff's Petition unless expressly admitted herein.

1. Defendant denies the allegations contained in Paragraph 1.
2. Defendant denies the allegations contained in Paragraph 2.
3. Defendant admits that Plaintiff filed a civil action but denies the remaining allegations contained in Paragraph 3.

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's Petition fails to state claims upon which relief can be granted.

1

SECOND AFFIRMATIVE DEFENSE – NO ACTION UNDER COLOR OF LAW

Defendant did not act under color of state law, and no conduct alleged

constitutes action taken in any official or governmental capacity.

THIRD AFFIRMATIVE DEFENSE – NO USE OF FORCE OR COERCION

Defendant denies any use of force, threats, restraint, or coercion as alleged.

FOURTH AFFIRMATIVE DEFENSE – CONSENT AS TO FORCE-BASED CLAIMS

Plaintiff's allegations of assault, battery, false imprisonment, and emotional

distress are barred because the alleged conduct, to the extent it occurred,

was not forcible or coercive.

FIFTH AFFIRMATIVE DEFENSE – NO FALSE IMPRISONMENT

Plaintiff was not restrained, confined, or detained against his will.

SIXTH AFFIRMATIVE DEFENSE – NO MUNICIPAL POLICY OR CUSTOM

No policy, practice, or custom of any municipality caused the alleged conduct.

SEVENTH AFFIRMATIVE DEFENSE – NO AGENCY OR EMPLOYMENT
RELATIONSHIP

Defendant was not acting as an agent or employee of any governmental entity

at the time of the alleged conduct.

2

EIGHTH AFFIRMATIVE DEFENSE – LACK OF PROXIMATE CAUSE

Plaintiff's alleged damages were not proximately caused by Defendant.

NINTH AFFIRMATIVE DEFENSE – COMPARATIVE FAULT

Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own
conduct.

TENTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES

Plaintiff failed to take reasonable steps to mitigate alleged damages.

ELEVENTH AFFIRMATIVE DEFENSE – SPECULATIVE DAMAGES

Plaintiff seeks speculative, excessive, and unsupported damages.

TWELFTH AFFIRMATIVE DEFENSE – CREDIBILITY AND FALSE STATEMENTS

Plaintiff's claims are barred or limited due to false statements and
misrepresentations.

THIRTEENTH AFFIRMATIVE DEFENSE – RESERVATION OF DEFENSES

Defendant reserves the right to assert additional defenses as discovery
progresses.

**DEFENDANT RYAN WAYNE SHOMAKER'S ANSWER**

**1.**

Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 1 concerning jurisdiction and venue and therefore denies the same.

**2.**

Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 2 regarding Plaintiff's current residence and therefore denies the same.

**3.**

Defendant admits that he is an adult. Defendant denies the remaining allegations contained in Paragraph 3, including any allegation that he was employed as a police officer for the City of Byrnes Mill Police Department at all times relevant herein.

**4.**

Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 4 and therefore denies the same.

**5.**

Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 5 and therefore denies the same.

**6.**

Defendant admits that the City of Byrnes Mill is a municipality located in Jefferson County,

Missouri. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 6 and therefore denies the same.

7.

Defendant denies the allegations contained in Paragraph 7.

8.

Defendant incorporates by reference his responses to the foregoing paragraphs. To the extent Paragraph 8 contains any additional allegations, Defendant denies the same.

9.

Defendant denies the allegations contained in Paragraph 9.

10.

Defendant lacks sufficient information to admit or deny Plaintiff's exact age as alleged in Paragraph 10 and therefore denies the same. Defendant further denies that Plaintiff's claims are necessarily in compliance with any applicable statute of limitations.

11.

Defendant denies the allegations contained in Paragraph 11, including any allegation that Defendant violated Plaintiff's constitutional rights or acted in violation of 42 U.S.C. § 1983.

12.

Defendant denies the allegations contained in Paragraph 12.

13.

Defendant denies the allegations contained in Paragraph 13.

**14.**

Defendant denies the allegations contained in Paragraph 14.

**15.**

Defendant denies the allegations contained in Paragraph 15.

**16.**

Defendant denies the allegations contained in Paragraph 16.

**17.**

Defendant denies the allegations contained in Paragraph 17.

**18.**

Defendant denies the allegations contained in Paragraph 18.

**19.**

Defendant denies the allegations contained in Paragraph 19.

**20.**

Defendant denies the allegations contained in Paragraph 20.

**21.**

Defendant denies the allegations contained in Paragraph 21.

**22.**

Defendant denies the allegations contained in Paragraph 22.

**23.**

Defendant denies the allegations contained in Paragraph 23.

**24.**

Defendant denies the allegations contained in Paragraph 24.

**25.**

Defendant denies the allegations contained in Paragraph 25.

**26.**

Defendant denies the allegations contained in Paragraph 26.

**27.**

Defendant denies the allegations contained in Paragraph 27.

**28.**

Defendant denies the allegations contained in Paragraph 28.

**29.**

Defendant denies the allegations contained in Paragraph 29.

**30.**

Defendant denies the allegations contained in Paragraph 30.

**31.**

Defendant denies the allegations contained in Paragraph 31.

**32.**

Defendant denies the allegations contained in Paragraph 32.

**33.**

Defendant denies the allegations contained in Paragraph 33.

**34.**

Defendant denies the allegations contained in Paragraph 34.

**35.**

Defendant denies the allegations contained in Paragraph 35.

**36.**

Defendant denies the allegations contained in Paragraph 36.

**37.**

Defendant denies the allegations contained in Paragraph 37.

**38.**

Defendant denies the allegations contained in Paragraph 38.

**39.**

Defendant denies the allegations contained in Paragraph 39.

**40.**

Defendant denies the allegations contained in Paragraph 40.

**41.**

Defendant denies the allegations contained in Paragraph 41.

**42.**

Defendant denies the allegations contained in Paragraph 42.

**43.**

Defendant denies the allegations contained in Paragraph 43.

**44.**

Defendant denies the allegations contained in Paragraph 44.

**45.**

Defendant denies the allegations contained in Paragraph 45.

**46.**

Defendant denies the allegations contained in Paragraph 46.

**47.**

Defendant denies the allegations contained in Paragraph 47.

**48.**

Defendant denies the allegations contained in Paragraph 48.

**49.**

Defendant denies the allegations contained in Paragraph 49.

**50.**

Defendant denies the allegations contained in Paragraph 50.

**51.**

Defendant denies the allegations contained in Paragraph 51.

**52.**

Defendant incorporates by reference his responses to the foregoing paragraphs. To the extent Paragraph 52 contains additional allegations, Defendant denies the same.

**53.**

Defendant denies the allegations contained in Paragraph 53.

**54.**

Defendant denies the allegations contained in Paragraph 54.

**55.**

Defendant denies the allegations contained in Paragraph 55.

**56.**

Defendant denies the allegations contained in Paragraph 56.

**57.**

Defendant denies the allegations contained in Paragraph 57.

**58.**

Defendant denies the allegations contained in Paragraph 58.

**59.**

Defendant denies the allegations contained in Paragraph 59.

**60.**

Defendant incorporates by reference his responses to the foregoing paragraphs. To the extent Paragraph 60 contains additional allegations, Defendant denies the same.

**61.**

Defendant denies the allegations contained in Paragraph 61.

**62.**

Defendant denies the allegations contained in Paragraph 62.

**63.**

Defendant denies the allegations contained in Paragraph 63.

**64.**

Defendant denies the allegations contained in Paragraph 64.

**65.**

Defendant denies the allegations contained in Paragraph 65.

**66.**

Defendant denies the allegations contained in Paragraph 66.

**67.**

Defendant denies the allegations contained in Paragraph 67.

**68.**

Defendant denies the allegations contained in Paragraph 68.

**69.**

Defendant incorporates by reference his responses to the foregoing paragraphs. To the extent Paragraph 69 contains additional allegations, Defendant denies the same.

**70.**

Defendant denies the allegations contained in Paragraph 70.

**71.**

Defendant denies the allegations contained in Paragraph 71.

**72.**

Defendant denies the allegations contained in Paragraph 72.

**73.**

Defendant denies the allegations contained in Paragraph 73.

**74.**

Defendant denies the allegations contained in Paragraph 74.

**75.**

Defendant denies the allegations contained in Paragraph 75.

**76.**

Defendant denies the allegations contained in Paragraph 76.

**77.**

Defendant admits that Petitioner re-alleges and incorporates prior paragraphs as stated in the Petition. Defendant denies the truth of the factual allegations contained in those prior paragraphs to the extent previously denied and reasserts his prior denials.

**78.**

Defendant denies the allegations contained in Paragraph 78.

**79.**

Defendant denies the allegations contained in Paragraph 79.

**80.**

Defendant denies the allegations contained in Paragraph 80.

**81.**

Defendant denies the allegations contained in Paragraph 81.

**82.**

Defendant denies the allegations contained in Paragraph 82.

**83.**

Defendant denies the allegations contained in Paragraph 83.

**84.**

Defendant denies the allegations contained in Paragraph 84.

**85.**

Defendant denies the allegations contained in Paragraph 85.

**86.**

Defendant admits that Petitioner re-alleges and incorporates prior paragraphs as stated in the Petition. Defendant denies the truth of the factual allegations contained in those prior paragraphs to the extent previously denied and reasserts his prior denials.

**87.**

Defendant admits that prior to January 2014 he was employed in Franklin County, Missouri. Defendant denies any remaining allegations in Paragraph 87 to the extent they are inconsistent with this admission.

**Strategic Note (Important)**

Paragraph 87 is employment-history related. You admit what is objectively verifiable (employment in Franklin County) and deny anything beyond that if it attempts to imply:

- Prior misconduct
- Prior notice to employer
- Negligent retention implications
- Character-based inference

That keeps your Answer clean and non-argumentative.

**88.**

Defendant admits that he was employed by the City of Byrnes Mill as a police officer during portions of the time period referenced. Defendant denies the remaining allegations contained in Paragraph 88.

14

**89.**

Defendant denies the allegations contained in Paragraph 89.

**90.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations directed toward Respondent City of Byrnes Mill and therefore denies the same. To the extent Paragraph 90 contains allegations directed toward Defendant, those allegations are denied.

**91.**

Defendant denies the allegations contained in Paragraph 91.

**92.**

Defendant denies the allegations contained in Paragraph 92.

**93.**

Defendant denies the allegations contained in Paragraph 93.

**94.**

Defendant admits that Paragraph 94 purports to incorporate prior allegations. To the extent Paragraph 94 contains factual allegations directed toward Defendant, those allegations are denied.

**95.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations directed toward Respondent City of Byrnes Mill and therefore denies the same.

15

**96.**

Defendant denies the allegations contained in Paragraph 96.

**97.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations directed toward Respondent City of Byrnes Mill and therefore denies the same. To the extent Paragraph 97 contains allegations directed toward Defendant, those allegations are denied.

**98.**

Defendant denies the allegations contained in Paragraph 98.

**99.**

Defendant denies the allegations contained in Paragraph 99.

**100.**

Defendant admits that Paragraph 100 purports to incorporate prior allegations. To the extent Paragraph 100 contains factual allegations directed toward Defendant, those allegations are denied.

**101.**

Defendant admits that he was employed by the City of Byrnes Mill as a police officer during certain time periods referenced. Defendant denies the remaining allegations contained in Paragraph 101.

**102.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations directed toward Respondent City of Byrnes Mill and therefore denies the same.

**103.**

Defendant denies the allegations contained in Paragraph 103.

**104.**

Defendant denies the allegations contained in Paragraph 104.

**105.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations directed toward Respondent City of Byrnes Mill and therefore denies the same. To the extent Paragraph 105 contains allegations directed toward Defendant, those allegations are denied.

**106.**

Defendant denies the allegations contained in Paragraph 106.

**107.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations directed toward Respondent City of Byrnes Mill and therefore denies the same. To the extent Paragraph 107 contains allegations directed toward Defendant, those allegations are denied.

## DAMAGES

Defendant denies that Petitioner is entitled to any damages whatsoever from Defendant Ryan Wayne Shomaker. Defendant further denies that Petitioner is entitled to compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, costs, attorney's fees, or any other relief against Defendant.

Defendant denies that Petitioner suffered damages in the manner or for the reasons alleged in the Petition and demands strict proof thereof.

17

**WHEREFORE CLAUSE (FOR DEFENDANT)**

WHEREFORE, Defendant Ryan Wayne Shomaker respectfully requests that this Court enter judgment in his favor and against Petitioner on all Counts of the Petition, dismiss Petitioner's claims with prejudice, award Defendant his costs incurred herein, and grant such other and further relief as this Court deems just and proper.

WHEREFORE, Defendant Ryan Wayne Shomaker respectfully prays that Plaintiff

take nothing by way of his Petition, that the Petition be dismissed with

prejudice, that Defendant be awarded costs, and for such other relief as the

Court deems just and proper.

CERTIFICATE OF SERVICE I certify that a true and correct copy of the foregoing was mailed or served this 23rd day of February, 2026 to:

Jacob Chinnery

PO Box 1144

Steelville, MO 65565

Respectfully Submitted,

/s/ Ryan Wayne Shomaker
Ryan Wayne Shomaker
Defendant, Pro Se
13112 Butler Oak Dr Apt 4
St Louis, MO 63128
(314) 818-5852
Ryaniam1@msn.com

18

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing

Motion for Leave to File Answer Out of Time (Instanter), together with the attached Answer, was served upon the following by depositing same in the United States Mail, first-class postage prepaid, addressed as follows:

Jacob Chinnery
Attorney for Plaintiff
211 West Main Street
P.O. Box 1144
Steelville, Missouri 65565

on this 23rd day of February, 2026.

/s/ Ryan Wayne Shomaker
Ryan Wayne Shomaker
Defendant, Pro Se
13112 Butler Oak Dr Apt 4
St Louis, MO 63128
(314) 818-5852
Ryaniam1@msn.com

1

FILED

FEB 2 3 2026

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Case No. 25SL-CC13855

JOHN DOE, Plaintiff,

v.

RYAN WAYNE SHOMAKER, Defendant

## DEFENDANT RYAN WAYNE SHOMAKER'S MOTION TO DISMISS

## COUNTS II, VI, VII, VIII, AND IX OF PLAINTIFF'S PETITION

**MOTION**

COMES NOW Defendant **Ryan Wayne Shomaker** ("Defendant"), pro se, and pursuant to Missouri Rule of Civil Procedure 55.27(a)(6), respectfully moves this Court to dismiss **Counts II, VI, VII, VIII, and IX** of Plaintiff's Petition for failure to state claims upon which relief can be granted. In support thereof, Defendant states as follows:

**STANDARD OF REVIEW**

When ruling on a motion to dismiss, the Court accepts well-pleaded facts as true but does not accept **legal conclusions, labels,** or **formulaic recitations of elements.** *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Missouri courts likewise require factual allegations sufficient to state a legally cognizable claim. Conclusory allegations are insufficient.

1

**ARGUMENT**

**I. COUNT II (FALSE IMPRISONMENT) FAILS AS A MATTER OF LAW**

To state a claim for false imprisonment under Missouri law, a plaintiff must plead facts showing:

1. confinement or restraint,
2. against the plaintiff's will,
3. without legal justification.

Plaintiff's Petition fails to plead **specific facts** showing any actual confinement, restraint, threats, or inability to leave. The Petition relies on conclusory assertions rather than factual allegations demonstrating restraint or detention.

Juvenile status alone does not establish confinement, and allegations of unlawful sexual conduct — even if assumed true — do not substitute for the required elements of false imprisonment.

Accordingly, **Count II fails to state a claim and should be dismissed**.

**II. COUNT VI (§1983 CIVIL RIGHTS CLAIM) FAILS BECAUSE THE PETITION DOES NOT PLEAD ACTION UNDER COLOR OF LAW**

To state a claim under 42 U.S.C. §1983, a plaintiff must plead facts showing that the defendant acted **under color of state law** and deprived the plaintiff of a constitutional right.

The Petition fails to plead facts showing that Defendant:

- was acting in an official capacity,
- was on duty,
- exercised arrest authority,
- used governmental power,
- or invoked state authority in any actionable way.

Private conduct — even if wrongful — does not constitute action under color of law. Allegations based solely on a defendant's employment status or reserve affiliation, without factual assertions of misuse of official authority, are insufficient as a matter of law.

2

Because the Petition does not plead facts establishing action under color of law, **Count VI fails and must be dismissed.**

### III. COUNTS VII, VIII, AND IX (MUNICIPAL LIABILITY / NEGLIGENT HIRING, SUPERVISION, AND RETENTION) FAIL AS A MATTER OF LAW

Counts VII, VIII, and IX attempt to impose municipal liability based on conclusory allegations rather than well-pleaded facts.

Municipal liability requires factual allegations demonstrating:

- an official policy or custom,
- deliberate indifference,
- notice of prior misconduct,
- and a causal connection between the policy or custom and the alleged injury.

The Petition contains no factual allegations identifying:

- a specific municipal policy or custom,
- prior similar incidents,
- notice to the municipality,
- or actions taken within the scope of employment.

Moreover, absent action under color of law, municipal liability claims necessarily fail as a matter of law.

Accordingly, **Counts VII, VIII, and IX fail to state claims and should be dismissed.**

### CONCLUSION

Plaintiff's Petition relies on conclusory assertions rather than factual allegations sufficient to state claims for false imprisonment, civil rights violations, or municipal liability. Even accepting the well-pleaded facts as true, the law does not support Counts II, VI, VII, VIII, and IX.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Ryan Wayne Shomaker respectfully requests that this Court dismiss **Counts II, VI, VII, VIII, and IX** of Plaintiff's Petition with prejudice, award Defendant costs incurred herein, and grant such other relief as the Court deems just and proper.

Respectfully Submitted,


/s/ Ryan Wayne Shomaker
Ryan Wayne Shomaker
Defendant, Pro Se
13112 Butler Oak Dr Apt 4
St Louis MO 63128
(314) 818-5852
Ryaniam1@msn.com


**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served upon Plaintiff's counsel this 23rd day of February, 2026.

4

Electronically Filed - ST LOUIS COUNTY - February 26, 2026 - 03:23 PM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**STATE OF MISSOURI**

JOHN DOE,

                Plaintiff,

v.

RYAN WAYNE SHOMAKER, et al.,

                Defendants.

      Defendants.

25SL-CC13855

## ENTRY OF APPEARANCE

Blake D. Hill of Hellmich, Hill & Retter, LLC hereby enters his appearance for separate Defendant City of Byrnes Mill .

Respectfully submitted,

Hellmich, Hill & Retter, LLC

 /s/ *Blake D. Hill*
Blake D. Hill #58926MO
1049 North Clay Avenue
Kirkwood, MO  63122
314-646-1110 – Phone
314-646-1122 – Fax
blake@hellmichhillretter.com
*Attorney for Defendant City of Byrnes Mill*

## CERTICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 26th day of February, 2026 to all counsel of record.

/s/ *Blake D. Hill*

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    JACOB CHINNERY, Attorney for Plaintiff
SERVICE EMAIL:    jchinnery@molaw.org

Electronically Filed - ST LOUIS COUNTY - February 26, 2026 - 03:23 PM

Electronically Filed - ST LOUIS COUNTY - February 26, 2026 - 05:17 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

JOHN DOE,

                Plaintiff,

v.

RYAN WAYNE SHOMAKER, et al.,

                Defendants.

                Defendants.

25SL-CC13855

## MOTION TO QUASH SERVICE

Defendant City of Byrnes Mill ("City"), through the undersigned counsel, moves to quash the purported service of the summons and petition in this matter on the City, stating as follows:

1. On January 27, 2026, the Plaintiff filed alleged returns of service purporting to show service upon the City of Byrnes Mill on January 22, 2026 via the return of one "Tommy Webb."

2. However, Tommy Webb is not sheriff and there is no order appointing Tommy Webb as a special process server in this case. See Rule 54.01 (requiring clerk to issue and deliver summons to the sheriff "or other person specially appointed to serve it").

3. Rather, on January 21, 2026, Plaintiff filed a "Request for Appointment of Process Server" which sought for the Court to appoint the following as special process servers:

    a. John D. Koch, JDK Services, LLC, 8 Nickridge Drive, Washington, MO 63090, (314) 709-5531;

    b. ABC Legal, 1099 Stewart St., Suite 700, Seattle, WA 98101, (206) 521-2887; and

    c. Brevard County Sheriff's Office, 700 Park Ave., Titusville, FL 32780, (321) 264-5201.

4. Tommy Webb is not among those appointed to serve process on the request for appointment of process server.

1

Electronically Filed - ST LOUIS COUNTY - February 26, 2026 - 05:17 PM

5. Moreover, despite the representations in the request for appointment, "JDK Services, LLC," "ABC Legal" and "Brevard County Sheriff's Office" are corporate entities and not "Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties," as a corporation is not a natural person under Missouri law.  See *Joseph Sansone Co. v. Bay View Golf Course*, 97 S.W.3d 531, 532 (Mo.App. E.D. 2003).  This is a violation of St. Louis County Local Rule 28(2), providing that the Circuit Clerk "may appoint a natural person other than the Sheriff" to serve process and that such person "shall be a natural person and not a corporation or other business association."

6. The foregoing defects render service void and deprive the Court of personal jurisdiction over the City:

> Missouri Revised Statute Section 506.140 states that "[s]ervice of process ... shall be made by a sheriff, or such sheriff's deputy ... or *some person ... may be specially appointed by the court ..., but such appointment shall be valid for service of the process only for which such person was specially appointed.*" Section 506.140, RSMo 2000 (emphasis added). When a party elects to use a special process server, that party bears the burden of showing that all of the procedural requirements for proper service of process have been met. *Reisinger,* 39 S.W.3d at 84. Unlike a sheriff's return of service, a return of service made by a special process server is not presumed conclusive. *Id.* **If a return of service shows it was not served by a person authorized to do so, service is improper.** *Id.* **Delegation of the authority to serve a return of service is not permissible.** *Id.* at 85. In *Worley,* this Court held the trial court lacked personal jurisdiction over defendant and its judgment was void because the individual who served the defendant was not appointed by the trial court to do so. *Worley,* 19 S.W.3d at 129, 130 (Mo.2000).

*Maul v. Maul*, 103 S.W.3d 819, 821 (Mo.App. E.D. 2003); see also *Reisinger v. Reisinger*, 39 S.W.3d 80, 85 (Mo.App. E.D. 2001) (emphasis added).  Thus, Tommy Webb additionally cannot serve a return as a delegate for any properly appointed process server.

Electronically Filed - ST LOUIS COUNTY - February 26, 2026 - 05:17 PM

7. Additionally, and independently, Rule 54.13 provides that a city be served by service upon the mayor, city clerk, or city attorney.  The return on file does not indicate such service, an additional defect requiring that service be quashed.

8. Proper service is a prerequisite to personal jurisdiction, without which a judgment is void, and not even actual notice can serve as a substitute.  See *Gabbert v. State*, 636 S.W.3d 194, 196 (Mo.App. W.D. 2021).

**MOTION TO QUASH SERVICE ON OTHER DEFENDANTS**

9. The City also moves to quash service on the remaining Defendants, because the jurisdictional defect created by their improper service serves to affect the rights of the City and this Court's ability to enter a proper adjudication.

10. The service defects as to the remaining defendants are as follows:

    a.  the return of service upon separate defendant Ryan Shoomaker is also executed by Tommy Webb, not properly appointed;

    b.  the return of service on separate defendant Melinda Williams-Shoemaker was made by one "Sandra Patton," who is also not properly appointed; and

    c.  the return of service on separate defendant Theresa Shoemaker was also made by one "Sandra Patton," who is not properly appointed.

WHEREFORE, the City of Byrnes Mill moves to quash service in this case, along with all such other relief is deemed just and proper.

3

Electronically Filed - ST LOUIS COUNTY - February 26, 2026 - 05:17 PM

Respectfully submitted,

Hellmich, Hill & Retter, LLC

 /s/ Blake D. Hill
Blake D. Hill #58926MO
1049 North Clay Avenue
Kirkwood, MO  63122
314-646-1110 – Phone
314-646-1122 – Fax
blake@hellmichhillretter.com
*Attorney for Defendant City of Byrnes Mill*

## CERTICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 26th day of February, 2026 to all counsel of record.


/s/ *Blake D. Hill*

4

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:    JACOB CHINNERY, Attorney for Plaintiff
SERVICE EMAIL:     jchinnery@molaw.org

Electronically Filed - ST LOUIS COUNTY - February 26, 2026 - 05:17 PM

Electronically Filed - ST LOUIS COUNTY - February 27, 2026 - 04:28 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

JOHN DOE,

               Plaintiff,                         25SL-CC13855

v.

RYAN WAYNE SHOMAKER, et al.,            Div. 9

               Defendants.

       Defendants.

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Defendant City of Byrnes Mill ("City") will cause to be heard its motion to quash service before Divion 9 of the Circuit Court of St. Louis County, 105 S. Central Ave, Clayton, MO 63105 on the 16th day of March, 2026 at 9:00am or as soon thereafter as the parties may be heard.

                             Respectfully submitted,

                             Hellmich, Hill & Retter, LLC

                             */s/ Blake D. Hill*
                             Blake D. Hill #58926MO
                             1049 North Clay Avenue
                             Kirkwood, MO  63122
                             314-646-1110 – Phone
                             314-646-1122 – Fax
                             blake@hellmichhillretter.com
                             *Attorney for Defendant City of Byrnes Mill*

## CERTICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 27th day of February, 2026 to all counsel of record.

                             /s/ *Blake D. Hill*

1

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    JACOB CHINNERY, Attorney for Plaintiff
SERVICE EMAIL:    jchinnery@molaw.org

Electronically Filed - ST LOUIS COUNTY - February 27, 2026 - 04:28 PM

Electronically Filed - ST LOUIS COUNTY - March 02, 2026 - 04:34 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

JOHN DOE,

                 Plaintiff,

v.

RYAN WAYNE SHOMAKER, et al.,

                 Defendants.

        Defendants.

25SL-CC13855

## <u>CONSENT ORDER ON MOTION TO QUASH SERVICE</u>

The parties hereby stipulate that the Motion to Quash of the City of Byrnes Mill is well-taken as to the City of Byrnes Mill and that the purported service on Byrnes Mill on January 22, 2026 was not effective service and should be quashed as to Byrnes Mill only.  The parties further stipulate that by the entry of this consent order, the City hereby accepts/waives service effective this the 2nd day of March 2026, and that its responsive pleadings are due on April 1, 2026.

**IT IS THEREFORE ORDERED** that the purported service on the City of Byrnes Mill on January 22, 2026 is hereby quashed and held for naught;

I**T IS FURTHER ORDERED** that the City of Byrnes Mill is deemed served on this the 2nd day of March, 2026 and that its responsive pleadings are due on April 1, 2026.

By consent:

                                            Hellmich, Hill & Retter, LLC

*/s/ Jacob Chinnery*                          */s/ Blake D. Hill*
Jacob Chinnery # 77909               Blake D. Hill #58926MO
211 W Main St                            1049 North Clay Avenue
P.O. Box 1144                            Kirkwood, MO  63122
Steelville, Missouri 65565            314-646-1110 – Phone
(573) 775-1400                       314-646-1122 – Fax
jchinnery@molaw.org                 blake@hellmichhillretter.com
*Attorney for Petitioner*             *Attorney for Defendant City of Byrnes Mill*

    **SO ORDERED:**

_____     _____
**Judge**                                  **Date**

1

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:   JACOB CHINNERY, Attorney for Plaintiff
SERVICE EMAIL:   jchinnery@molaw.org

Electronically Filed - ST LOUIS COUNTY - March 02, 2026 - 04:34 PM

FILED
3/12/26
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY, MO

FILED
FEB 2 3 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Case No. 25SL-CC13855

JOHN DOE, Plaintiff,

v.

RYAN WAYNE SHOMAKER, Defendant,

**LEAVE GRANTED:**

*[signature]*

Judge          Division 09

March 12, 2026

## MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME (INSTANTER)

COMES NOW Defendant Ryan Wayne Shomaker, appearing pro se, and respectfully moves this Court for leave to file his Answer out of time instanter. In support thereof, Defendant states as follows:

1. Defendant was served with Plaintiff's Petition on January 21, 2026.
2. Defendant's responsive pleading was due on February 20, 2026.
3. Prior to the deadline, Defendant made diligent and continuous good-faith efforts to file his Answer electronically through Missouri's Case.net and eFiling system documented via email date / time stamps.
4. Defendant created a Missouri Judiciary account and attempted to complete eFiling registration in order to file his responsive pleading. There was conflicting information for pro se litigants.
5. Defendant contacted the Missouri Office of State Courts Administrator (OSCA) Help Desk at earliest the next business day (02-23-26) and was informed pro se litigants are not permitted to eFile civil pleadings yet in Missouri but St. Louis County accepts them emailed.
6. Defendant contacted the St. Louis County Circuit Court Clerk's office and was informed there is an email address. After giving me the email address, I was subsequently told only licensed attorneys may eFile civil pleadings in this division and self-represented litigants must mail or physically deliver filings. Family Court is the only allowable pro se eFile.
7. Defendant's inability to eFile was therefore not due to neglect or indifference, but due to system limitations and filing policies applicable to self-represented litigants.

8. Defendant acted promptly upon learning the proper filing procedure and now tenders his Answer contemporaneously with this Motion.

9. No default has been entered in this matter.

10. Plaintiff will suffer no prejudice if Defendant is permitted to file his Answer out of time, and Missouri courts favor resolution of cases on their merits.

WHEREFORE, Defendant respectfully requests this Court grant

leave to file his Answer instanter and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Ryan Wayne Shomaker
Ryan Wayne Shomaker
Defendant, Pro Se
13112 Butler Oak Dr Apt 4
St Louis, MO 63128
(314) 818-5852
Ryaniam1@msn.com

Date: 23rd of February, 2026

2

 Outlook

---

## Missouri Judiciary Account - Account Updated

---

**From** mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>
**Date** Fri 02/20/2026 6:52 PM
**To** ryaniam1@msn.com <ryaniam1@msn.com>

You are receiving this e-mail because your Missouri Judiciary Account information has been updated. If you did not update your online account information, please log in to review your account information, change your password and change the answers to your security questions.

Click here to access My Account.

If you have questions or need additional assistance, please contact the Help Desk via phone at (888) 541-4894 or via e-mail at OSCA.Help.Desk@courts.mo.gov.

This email is auto generated. Please do not respond.

Exibit A

 **Outlook**

---

**Missouri Judiciary Account – Account Updated**

---

**From** mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>
**Date** Fri 02/20/2026 7:10 PM
**To**   ryaniam1@msn.com <ryaniam1@msn.com>

You are receiving this e-mail because your Missouri Judiciary Account information has been updated. If you did not update your online account information, please log in to review your account information, change your password and change the answers to your security questions.

Click here to access My Account.

If you have questions or need additional assistance, please contact the Help Desk via phone at (888) 541-4894 or via e-mail at OSCA.Help.Desk@courts.mo.gov.

This email is auto generated. Please do not respond.

*Exibit B*

 **Outlook**

---

## Missouri Judiciary Account - Registration

---

**From** mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>
**Date** Fri 02/20/2026 7:46 PM
**To** mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>
**Cc** ryaniam1@msn.com <ryaniam1@msn.com>

You now are registered for a Missouri Judiciary Account. You may use this account to sign up for judicial services such as the Missouri eFiling System and Supreme Court Publications.

**IMPORTANT:**

• For security reasons, you will have to wait up to five minutes before you will be able to use your sho_1427_ryaniam account to log in.

• If you are an attorney and are going to use your account with the Missouri eFiling System, **your registration is not complete.** You will need to log in to the Missouri Courts eFiling System and complete additional steps to activate your account. (If you encounter difficulties with the preceding link please enter the following URL into your internet browser: https://www.courts.mo.gov/ecf/logon.do).

• If you have any questions or problems, please contact the Office of State Courts Administrator Help Desk at (888) 541-4894 or via e-mail at OSCA.Help.Desk@courts.mo.gov. The OSCA Help Desk is available 7:30 a.m.-5 p.m. Monday through Friday, excluding state holidays.

This email is auto generated. Please do not respond.

*Exibit C*

 **Outlook**

---

**Missouri Judiciary Account - Account Updated**

---

From mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>
Date Fri 02/20/2026 8:02 PM
To    ryaniam1@msn.com <ryaniam1@msn.com>

You are receiving this e-mail because your Missouri Judiciary Account information has been updated. If you did not update your online account information, please log in to review your account information, change your password and change the answers to your security questions.

Click here to access My Account.

If you have questions or need additional assistance, please contact the Help Desk via phone at (888) 541-4894 or via e-mail at OSCA.Help.Desk@courts.mo.gov.

This email is auto generated. Please do not respond.

*Exibet D*

 Outlook

---

## Missouri Judiciary Account – Registration

---

**From** mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>
**Date** Fri 02/20/2026 9:32 PM
**To** mocourts.registration@courts.mo.gov <mocourts.registration@courts.mo.gov>
**Cc** ryaniam1@msn.com <ryaniam1@msn.com>

You now are registered for a Missouri Judiciary Account. You may use this account to sign up for judicial services such as the Missouri eFiling System and Supreme Court Publications.

**IMPORTANT:**

• For security reasons, you will have to wait up to five minutes before you will be able to use your sho_ryan_01 account to log in.

• If you are an attorney and are going to use your account with the Missouri eFiling System, **your registration is not complete.** You will need to log in to the Missouri Courts eFiling System and complete additional steps to activate your account. (If you encounter difficulties with the preceding link please enter the following URL into your internet browser: https://www.courts.mo.gov/ecf/logon.do).

• If you have any questions or problems, please contact the Office of State Courts Administrator Help Desk at (888) 541-4894 or via e-mail at OSCA.Help.Desk@courts.mo.gov. The OSCA Help Desk is available 7:30 a.m.–5 p.m. Monday through Friday, excluding state holidays.

This email is auto generated. Please do not respond.

*Exibit E*

 Outlook

---

**Fw: Defendant - ANSWER FILED PRIOR TO DEADLINE — Case No. 25SL-CC13855**

---

From Ryan S. <Ryaniam1@msn.com>
Date Fri 02/20/2026 10:42 PM
To    civil@stlccircuitclerk.com <civil@stlccircuitclerk.com>

📎 2 attachments (193 KB)
Final Court Answer.pdf; Final Motion to Dismiss.pdf;

Records Purposes:

Defendant - ANSWER FILED PRIOR TO DEADLINE - Case No. 25SL-CC13855

---

**From:** Ryan S. <Ryaniam1@msn.com>
**Sent:** Friday, February 20, 2026 10:33 PM
**To:** Ryan S. <Ryaniam1@msn.com>
**Cc:** Ryan S. <Ryaniam1@msn.com>
**Subject:** Defendant - ANSWER FILED PRIOR TO DEADLINE — Case No. 25SL-CC13855

Records Purposes:

Defendant - ANSWER FILED PRIOR TO DEADLINE — Case No. 25SL-CC13855

To:
Attorney Jacob Chinnery
PO Box 1144
Steelville, MO 65565
After hours and no email address other than sending you a message at:

Defendant (Ryan Shomaker) attempted eFiling multiple times prior to deadline but Missouri eFiling system required clerk authentication of pro se account. Defendant will file formally with the Court at the first available opportunity on Monday morning, 02-23-26.

After hours contact of this only; no email address. I did send a message at the link below but it's generic.
<u>Contact — The Law Office Of Jacob M. Chinnery, LLC</u>

I have time date and stamped the PDF's by sending a copy to myself and a friend (J.C.) in case needed as I couldn't send to you. I also sent a copy to Attorney Timothy Wolf (314-374-8421) in St Louis who DOES NOT represent me, but can verify the validity of these documents via date / time stamp if needed.

Exhibit F; 1 of 2

Also sent email to: civil@stlccircuitclerk.com

Ryan Shomaker
(314) 818-5852

Exibit F; 2 of 2

 **Outlook**

**Doc**

**From** Ryan S. <Ryaniam1@msn.com>
**Date** Fri 02/20/2026 10:06 PM
**To**    Ryan S. <Ryaniam1@msn.com>

📎 1 attachment (1 MB)
IMG_8927.jpg;

Ryan.
(314) 818-5852

Exbibit G

 Outlook

---

**Service Request 1004028 has been opened**

---

**From** Show-Me Service Center <Show-Me.Service.Center@courts.mo.gov>

**Date** Mon 02/23/2026 8:53 AM

**To** ryaniam1@msn.com <ryaniam1@msn.com>

   

Show-Me Service Center

| | |
|---|---|
| Ticket Number | 1004028 |
| Priority | 3 |
| Description | Can you please delete my case.net accounts with the username:<br><br>1. ryaniam_sho1427<br>2: sho_1427_ryaniam |
| Status | New |
| Categorization | Case Management -> Case.net -> Secure Case.net ID Request |
| Assigned Team | ITS Security |
| Assigned Person | |
| Requestor | Ryan Shomaker |
| Reason | You have received this notification because the ticket number noted above has been opened. |
| Comment(s) | |

If you have questions or concerns, please reply to this message or call the OSCA Help Desk at (888) 541-4894.

{CMI: MCID4139358}

*Exibet H*

Electronically Filed - ST LOUIS COUNTY - March 02, 2026 - 04:34 PM

**FILED**

MAR 1 3 2026

**JOAN M. GILMER**
**CIRCUIT CLERK, ST. LOUIS COUNTY**

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

JOHN DOE,

                    Plaintiff,

v.

RYAN WAYNE SHOMAKER, et al.,

                    Defendants.

          Defendants.

25SL-CC13855

## CONSENT ORDER ON MOTION TO QUASH SERVICE

The parties hereby stipulate that the Motion to Quash of the City of Byrnes Mill is well-taken as to the City of Byrnes Mill and that the purported service on Byrnes Mill on January 22, 2026 was not effective service and should be quashed as to Byrnes Mill only. The parties further stipulate that by the entry of this consent order, the City hereby accepts/waives service effective this the 2nd day of March 2026, and that its responsive pleadings are due on April 1, 2026.

**IT IS THEREFORE ORDERED** that the purported service on the City of Byrnes Mill on January 22, 2026 is hereby quashed and held for naught;

**IT IS FURTHER ORDERED** that the City of Byrnes Mill is deemed served on this the 2nd day of March, 2026 and that its responsive pleadings are due on April 1, 2026.

By consent:

Hellmich, Hill & Retter, LLC

/s/ Jacob Chinnery
Jacob Chinnery # 77909
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
jchinnery@molaw.org
*Attorney for Petitioner*

/s/ Blake D. Hill
Blake D. Hill #58926MO
1049 North Clay Avenue
Kirkwood, MO 63122
314-646-1110 – Phone
314-646-1122 – Fax
blake@hellmichhillretter.com
*Attorney for Defendant City of Byrnes Mill*

**SO ORDERED:**

_____    3/13/26
**Judge**                                  **Date**

Electronically Filed - ST LOUIS COUNTY - March 19, 2026 - 01:18 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 25SL-CC13855 |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN WAYNE SHOMAKER, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT RYAN WAYNE SHOMAKER'S**
**AFFIRMATIVE DEFENSES**

COMES NOW, Plaintiff John Doe (hereinafter "Plaintiff"), by and through his attorneys

of record, and for Plaintiff's Reply to Defendant Ryan Wayne Shomaker's (hereinafter

"Defendant Ryan Shomaker") Affirmative Defenses, and states to this honorable Court as

follows:

1.     Affirmative Defense No. 1: Deny that this is a recognized affirmative defense in

Missouri, and as such, should be stricken. Moreover, Defendant Ryan Shomaker's Affirmative

Defense No. 1 violates Missouri Supreme Court Rule 55.08 because it fails to set forth any facts

that would show that Defendant Ryan Shomaker is entitled to the defense. *ITT Commercial Fin.*

*Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 383 (Mo. banc 1993). To the

extent a response is required, Plaintiff denies and demands strict proof.

2.     Affirmative Defense No. 2:  Deny that this is a recognized affirmative defense in

Missouri, and as such, should be stricken. To properly plead an affirmative defense, a defendant

must assert clearly and precisely additional facts which serve to avoid the defendant's legal

responsibility even though the plaintiff's allegations are sustained by the evidence. *ITT*, 854

S.W.2d at 383. Furthermore, this paragraph does not contain any factual allegations in violation

Page 1 of 6

Electronically Filed - ST LOUIS COUNTY - March 19, 2026 - 01:18 PM

of Missouri Supreme Court Rule 55.08. *Id.* To the extent a response is required, Plaintiff denies and demands strict proof.

3.    Affirmative Defense No. 3: Deny that this is a recognized affirmative defense in Missouri, and as such, should be stricken. To properly plead an affirmative defense, a defendant must assert clearly and precisely additional facts which serve to avoid the defendant's legal responsibility even though the plaintiff's allegations are sustained by the evidence. *ITT*, 854 S.W.2d at 383. Furthermore, this paragraph does not contain any factual allegations in violation of Missouri Supreme Court Rule 55.08. *Id*. To the extent a response is required, Plaintiff denies and demands strict proof.

4.    Affirmative Defense No. 4: Deny that this is a recognized affirmative defense in Missouri, and as such, should be stricken. Defendant Ryan Shomaker's Affirmative Defense No. 4 violates Missouri Supreme Court Rule 55.08 because it fails to set forth any facts that would show that Defendant Ryan Shomkaer's is entitled to the defense. *ITT*, 854 S.W.2d at 383. To the extent a response is required, Plaintiff denies and demands strict proof.

5.    Affirmative Defense No. 5: Deny that this is a recognized affirmative defense in Missouri, and as such, should be stricken. Defendant Ryan Shomaker's Affirmative Defense No. 5 violates Missouri Supreme Court Rule 55.08 because it fails to set forth any facts that would show that Defendant Ryan Shomkaer's is entitled to the defense. *ITT*, 854 S.W.2d at 383. To the extent a response is required, Plaintiff denies and demands strict proof.

6.    Affirmative Defense No. 6: Deny that this is a recognized affirmative defense in Missouri, and as such, should be stricken. To properly plead an affirmative defense, a defendant must assert clearly and precisely additional facts which serve to avoid the defendant's legal

responsibility even though the plaintiff's allegations are sustained by the evidence. *ITT*, 854 S.W.2d at 383.To the extent a response is required, Plaintiff denies and demands strict proof.

7.      Affirmative Defense No. 7: Deny that this is a recognized affirmative defense in Missouri and as such, should be stricken. To properly plead an affirmative defense, a defendant must assert clearly and precisely additional facts which serve to avoid the defendant's legal responsibility even though the plaintiff's allegations are sustained by the evidence. *ITT*, 854 S.W.2d at 383. Furthermore, this paragraph does not contain any factual allegations in violation of Missouri Supreme Court Rule 55.08. *Id.* To the extent a response is required, Plaintiff denies and demands strict proof.

8.      Affirmative Defense No. 8: Deny that this is a recognized affirmative defense in Missouri, and as such, should be stricken. To properly plead an affirmative defense, a defendant must assert clearly and precisely additional facts which serve to avoid the defendant's legal responsibility even though the plaintiff's allegations are sustained by the evidence. *ITT*, 854 S.W.2d at 383. Furthermore, this paragraph does not contain any factual allegations in violation of Missouri Supreme Court Rule 55.08. *Id.* To the extent a response is required, Plaintiff denies and demands strict proof.

9.      Affirmative Defense No. 9: Denied. Defendant Ryan Shomaker's Affirmative Defense No. 9 violates Missouri Supreme Court Rule 55.08 because it fails to set forth any facts that would show that Defendant Ryan Shomkaer's is entitled to the defense. *ITT*, 854 S.W.2d at 383. To the extent a response is required, Plaintiff denies and demands strict proof.

10.      Affirmative Defense No. 10: Denied. Defendant Ryan Shomaker's Affirmative Defense No. 10 violates Missouri Supreme Court Rule 55.08 because it fails to set forth any facts

Electronically Filed - ST LOUIS COUNTY - March 19, 2026 - 01:18 PM

Electronically Filed - ST LOUIS COUNTY - March 19, 2026 - 01:18 PM

that would show that Defendant Ryan Shomkaer's is entitled to the defense. *ITT*, 854 S.W.2d at 383. To the extent a response is required, Plaintiff denies and demands strict proof.

11.     Affirmative Defense No. 11: Deny that this is a recognized affirmative defense in Missouri, and as such, should be stricken. Moreover, Defendant Ryan Shomaker's Affirmative Defense No. 11 violates Missouri Supreme Court Rule 55.08 because it fails to set forth any facts that would show that Defendant Ryan Shomaker is entitled to the defense. *ITT*, 854 S.W.2d at 383. To the extent a response is required, Plaintiff denies and demands strict proof.

12.     Affirmative Defense No. 12: Deny that this is a recognized affirmative defense in Missouri, and as such, should be stricken. To properly plead an affirmative defense, a defendant must assert clearly and precisely additional facts which serve to avoid the defendant's legal responsibility even though the plaintiff's allegations are sustained by the evidence. *ITT*, 854 S.W.2d at 383. Moreover, Defendant Ryan Shomaker's Affirmative Defense No. 12 violates Missouri Supreme Court Rule 55.08 because it fails to set forth any facts that would show that Defendant Ryan Shomaker is entitled to the defense. To the extent a response is required, Plaintiff denies and demands strict proof.

13.     Affirmative Defense No. 13; Deny that this is a recognized affirmative defense in Missouri, and as such, should be stricken. Moreover, Defendant Ryan Shomaker's Affirmative Defense No. 13 violates Missouri Supreme Court Rule 55.08 because it fails to set forth any facts that would show that Defendant Ryan Shomaker is entitled to the defense. *ITT*, 854 S.W.2d at 383. To the extent a response is required, Plaintiff denies and demands strict proof.

WHEREFORE, Plaintiff prays for judgment against Defendant Ryan Wayne Shomaker in a sum in excess of Twenty-Five Thousand Dollars ($25,000), exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for injuries and damages together with the costs, all

Electronically Filed - ST LOUIS COUNTY - March 19, 2026 - 01:18 PM

pre-judgment and post-judgment interest allowable under Missouri law at the maximum rate, and

for any further relief this Court deems just and proper under the circumstances.

**Respectfully submitted,**

**THE CAGLE LAW FIRM**

By: /s/ _____

Andrew G. Mundwiller MO #62497
andrew@caglellc.com
Collin J. Roth MO #76322
collin@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO, 63102
Phone: 314 241-1700
Fax: (888) 293-3677
*Attorneys for Plaintiff*

**THE LAW OFFICE OF JACOB M. CHINNERY**
Jacob Chinnery MO #77909
211 W Main St
P.O. Box 1144
Steelville, Missouri 65565
(573) 775-1400
(314) 477-8694
E:Mail: jchinnery@molaw.org
*Attorney for Plaintiff*

Electronically Filed - ST LOUIS COUNTY - March 19, 2026 - 01:18 PM

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was served in electronic form via the

Court's e-filing system and via U.S. Mail on this 19th day of March, 2026 to the following:

Ryan Wayne Shomaker
13112 Butler Oak Dr. Apt 4
St. Louis, MO 63128
Phone: (314) 818-5852
Email: Ryaniam1@msn.com
*Defendant, Pro se*

HELLMICH, HILL & RETTER, LLC
Blake D. Hill MO # 58926
1049 North Clay Avenue
Kirkwood, MO 63122
Phone: (314) 646-1110
Fax: (314) 646-1122
blake@hellmichhillretter.com
*Attorney for Defendant City of Byrnes Mill*

Melinda Sue Williams-Shomaker
3944 St. Armens Cir.
Melbourne, FL 32934
*Defendant*

Theresa Ann Shomaker
3944 St. Armens Cir.
Melbourne, FL 32934
*Defendant*

By _____
Andrew G. Mundwiller MO #62497

Page 6 of 6

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:    JACOB CHINNERY, Attorney for Plaintiff
SERVICE EMAIL:    jchinnery@molaw.org

SERVICE PARTY:    BLAKE D HILL, Attorney for Defendant
SERVICE EMAIL:    bhill@kingkrehbiel.com, blake@hellmichhillretter.com

Electronically Filed - ST LOUIS COUNTY - March 19, 2026 - 01:18 PM